**Patricia Eve HAVARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–95–140–CR, 13–95–142–CR.**

Court of Appeals of Texas, Corpus Christi.

June 6, 1996.

---

Guy Williams, Corpus Christi, for appellant.

Carl Lewis, County Attorney, Laura Garza Jimenez, Assistant County Attorney, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant, Patricia Eve Havard, was charged with possession of less than two ounces of marihuana in cause no. 13–95–140–CR and with driving while intoxicated (DWI) in cause no. 13–95–142–CR. Both cases were tried to the court at the same time. The trial court found appellant guilty of the possession charge and assessed punishment at confinement in the Nueces County Jail for thirty days, probated for 180 days. The trial court also found appellant guilty of the DWI charge and assessed punishment at confinement in the Nueces County Jail for 180 days, probated for two years, and a $1,000 fine. By a single point of error, appellant contends that the trial court failed to obtain written waivers of her right to a jury trial. We reverse and remand.

A defendant's consent to waive his or her right to a jury trial must be express and intelligent, but neither the United States nor Texas Constitutions require the waiver to be written. *Ex parte Sadberry,* 864 S.W.2d 541, 543 (Tex.Crim.App.1993). The requirement of a written waiver is imposed by the Texas Code of Criminal Procedure:

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver may be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.1996). In Texas, this statutory provision and the caselaw interpreting its procedural requirements frame the issue. *Meek v. State,* 851 S.W.2d 868, 870–71 (Tex. Crim.App.1993); *Samudio v. State,* 648 S.W.2d 312, 314 (Tex.Crim.App.), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). The requirement that the waiver of the right to a jury trial must be written applies to misdemeanor as well as felony cases. *Huynh v. State,* 901 S.W.2d 480, 483 (Tex.Crim.App.1995); *State ex. rel. Curry v. Carr,* 847 S.W.2d 561, 562 (Tex. Crim.App.1992).

It is well settled that the appellant bears the burden of providing a record sufficient to show the errors presented. TEX. R.APP. P. 50(d); *Webb v. State,* 760 S.W.2d 263, 277 (Tex.Crim.App.1988); *Burns v. State,* 761 S.W.2d 486, 487 (Tex.App.—Corpus Christi 1988, pet. ref'd). After reviewing the records in these two cases, we find that they do not contain written waivers of appel-

lant's right to a jury trial. We do find, however, that the Clerk of the County Courts has affirmatively certified that the records before us "comprise a true and correct transcript of all the matters and proceedings had and done in said cause[s]." Therefore, the absence of written waivers from the records suffices to establish that the State did not obtain waivers meeting the requirements of article 1.13(a). *See Chaouachi v. State,* 870 S.W.2d 88, 94 (Tex.App.—San Antonio 1993, no pet.).

The State does not concede its failure to obtain proper jury waivers, but it presents no evidence of written waivers. Neither the statement of facts nor the transcripts, including the docket sheets, suggest that the State obtained written waivers.

The State points out that both judgments contain the following recital: "A jury having been waived the trial proceeded before the Court." These recitals, however, do not state that the waivers were written and do not specify that appellant personally waived her right to a jury trial. The recitals may merely reflect counsel's remark to the trial court, "We intended to try both cases before the Court, in the spirit of judicial economy." Under these circumstances, we conclude that the recitals are insufficient to raise the presumption that there was a waiver meeting the requirements of article 1.13(a). *Id.; cf. Breazeale v. State,* 683 S.W.2d 446, 449–50 (Tex.Crim.App.1984) (op. on reh'g) (holding presumption of regularity raised by recital "in person and in writing, in open court, having waived his right of trial by jury," but presumption would not rise from recital, "No jury having been demanded," citing *Samudio,* 648 S.W.2d at 314).

Because the Clerk of the County Courts affirmatively certified that the records before us "comprise a true and correct transcript of all the matters and proceedings had and done in said cause[s]," we hold that appellant has met her initial burden of showing that no written jury waivers were obtained. Having determined that the State failed to obtain proper jury waivers, we need not proceed to the usual harm analysis. *Townsend v. State,* 865 S.W.2d 469, 470 (Tex.Crim.App.1993) (citing *Meek,* 851 S.W.2d at 870–71). Ac-

cordingly, we sustain appellant's sole point of error.

We REVERSE the judgments and REMAND both cases to the trial court.