Michael J. MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–96–203–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 14, 1997.

Rehearing Overruled Oct. 2, 1997.

Suzie Johnson, Fort Worth, for Appellant.

Carlos Valdez, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for Appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

YANEZ, Justice.

In 1992, appellant, Michael J. Martinez, pleaded guilty to burglary of a vehicle[1] in

exchange for deferred adjudication of guilt and five years probation. The trial court later extended his period of community supervision[2] by five years but continued the deferred adjudication. Following a subsequent motion to revoke filed by the State, the trial court found appellant had violated the conditions of his community supervision, adjudicated his guilt, and sentenced appellant to ten years in the Texas Department of Corrections, Institutional Division. By a single point of error, appellant argues that his original plea of guilty was involuntary because he was improperly admonished as to the range of punishment he faced prior to entering his guilty plea. We will reverse and remand for a new trial.

When appellant was arrested and charged, burglary of a vehicle was classified as a third-degree felony punishable by two to ten years in prison or confinement in a community correctional facility for any term of not more than one year, with a possible fine not to exceed $10,000.[3] The written admonition from the court to appellant on his plea of guilty, however, described the punishment for the offense as "*confinement in prison for life* or for any term of not more than 10 years or less than 2 years or in a community correctional facility for any term of not more than 1 year" (emphasis added) and noted that the court could also assess a fine of not to exceed $10,000. It further admonished that if appellant were found guilty as charged, the trial court would assess his punishment "*at confinement in prison for life* or for any term of not more than 10 years or less than 2 years in a community correctional facility for any term of not more than 1 year" (emphasis added), and that the court could also assess a fine not to exceed $10,000.

**1.** Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 927, *amended by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3589, 3637.

**2.** Effective September 1, 1993, "probation" became "community supervision," and a defendant placed on probation prior to that date is considered on and after that date previously to have been placed on community supervision. *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.04, 1993 Tex. Gen. Laws 3746, 3746.

**3.** Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 907, *amended by* Act of June 14, 1973, 63rd Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1124, 1125, *amended by* Act of June 15, 1989, 71st Leg., R.S., ch. 785, 12 4.01, 1989 Tex. Gen. Laws 3471, 3491, *amended by* Act of June 18, 1990, 71st Leg., 6th C.S., ch. 25, § 7, 1990 Tex. Gen. Laws 109, 110, *amended by* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3589, 3606 [current version at TEX. PENAL CODE ANN. § 30.04 (Vernon 1994)].

Appellant argues that had he been properly admonished, he would not have pleaded guilty. He contends that he "was unable to appreciate the actual value of his plea bargain, because the maximum punishment he risked without the plea bargain was overstated to him." The State first argues that we have no jurisdiction over this appeal. Its claim is that because a defendant has an immediate right to appeal from a deferred adjudication order, *see Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App.1996), a challenge to the voluntariness of his plea[4] four years after it was entered is not timely, citing us Rule 41(b)(1) of the Texas Rules of Appellate Procedure. The State also argues the trial court substantially complied with the statutory admonition requirements and that appellant failed to show affirmatively that he was misled or harmed by the trial court's incorrect admonition.

We may overrule the State's challenge to our jurisdiction with dispatch. Article 42.12, § 5(b) of the Code of Criminal Procedure provides that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continues as if the adjudication of guilty had not been deferred." TEX.CODE CRIM. PROC. ANN. § 42.12, § 5(b) (Vernon Supp.1997). Appellant filed a motion for new trial within two weeks of the order adjudicating him guilty. Within ninety days from the date of the order adjudicating guilt, he filed a written request for an appeal. Because the request clearly states his desire to appeal the case, and because the trial court found that this written request constituted a written notice of appeal, we also find the request to constitute a written notice of appeal. Hence appellant's challenge was timely filed. TEX. R.APP. P. 41(b)(1).

Article 26.13 of the Texas Code of Criminal Procedure stipulates that prior to accepting a plea of guilty, a trial court must admonish a defendant of the range of punishment attached to the offense charged. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon

1989); *Gomez v. State,* 921 S.W.2d 329, 335 (Tex.App.—Corpus Christi 1996, no pet.). In admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989). The trial court may make the requisite admonitions either orally or in writing; and if the admonitions are made in writing, the court must receive a statement signed by the defendant and his attorney indicating that the defendant understands the admonitions and is aware of the consequences of his plea. TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1989).

When the trial court wholly fails to admonish the defendant concerning punishment, Article 26.13 requires reversal of the conviction. *Ex parte Gibauitch,* 688 S.W.2d 868, 871 (Tex.Crim.App.1985). When the record shows, however, that the trial court gave an incomplete or incorrect admonishment, there is a *prima facie* showing of a knowing and voluntary plea of guilty. *Id.* "Substantial compliance" under Article 26.13(c) has been understood to constitute a *prima facie* showing of a knowing and voluntary plea. *Hughes v. State,* 833 S.W.2d 137, 140 (Tex.Crim.App.1992); *Robinson v. State,* 739 S.W.2d 795, 801 (Tex.Crim.App.1987). Where this *prima facie* showing of voluntariness is a matter of record, the burden shifts to the defendant to show that he entered his plea without understanding the consequences of his action and thus was harmed. *Hughes,* 833 S.W.2d at 140; *Gibauitch,* 688 S.W.2d at 871; *Gomez,* 921 S.W.2d at 336. Substantial compliance will be found only where a trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. *Hughes,* 833 S.W.2d at 140. In reviewing the voluntariness of a defendant's guilty plea, we examine the record as a whole. *Williams v.*

---

4. Voluntariness of a plea in a plea bargained case may be raised for the first time on appeal, *Flowers v. State,* 935 S.W.2d 131, 133 (Tex.Crim.

App.1996). The State does not challenge this proposition but instead only the timeliness of appellant's voluntariness argument.

*State,* 522 S.W.2d 483, 485 (Tex.Crim.App. 1975).

In the instant case, the record reflects that appellant was admonished by the court. Hence it is incumbent upon the appellant to show that he entered his plea without understanding the consequences of his actions and thus was harmed. *Hughes,* 833 S.W.2d at 140.

 To constitute an affirmative showing of harm under Article 26.13(c), a defendant must show by evidence grounded in a judicial record subject to review both his lack of knowledge or understanding as to the range of punishment for the offense charged, and, objectively, the manner in which he was misled or harmed. *Grays v. State,* 888 S.W.2d 876, 878 (Tex.App.—Dallas 1994, no pet.). Where a defendant is unable to appreciate the actual value of his plea bargain because the maximum punishment he risked without the bargain was overstated in the court's admonition, the guilty plea is not knowingly and voluntarily entered. *Ex parte Smith,* 678 S.W.2d 78, 79–80 (Tex.Crim.App. 1984) (relying, in part, on the defendant's sworn testimony in a writ of habeas corpus proceeding as to harm suffered). Where the generosity of the State's plea offer and advisability of accepting it are underscored by the erroneous admonition, the admonition does not substantially comply with Article 26.13. *Johnston v. State,* 670 S.W.2d 394, 398 (Tex. App.—Austin 1984, pet. dism'd).

 The record in the instant case reflects that, irrespective of the other ranges of punishment in the written admonition, appellant was admonished that he faced the punishment of life in prison, when, in fact, the actual prison term he faced was two to ten years. The record does reflect that appellant told the court that he discussed his plea agreement with his lawyer and that he understood it. Nothing in the exchange between the judge, appellant, and his attorney, however, indicates or suggests that any of them knew that the court's written admonishment was incorrect and, as a result, misleading. With appellant admonished that he faced a possible sentence of life in prison, irrespective of the other punishments discussed in the admonition, the prospect of

deferred adjudication and five years of probation was quite generous and therefore material to the voluntariness of appellant's plea. We hold that appellant could not have been fully aware of the consequences of his plea and thus was harmed by the erroneous admonition of the trial court. *Cf. Johnston,* 670 S.W.2d at 398.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.