Simon SALINAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–010–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 19, 1998.

Reynaldo Martinez, Jr., Linda J. Rhodes Schauer, Corpus Christi, for Appellant.

Carlos Valdez, District Attorney, Adolfo Aguilo, Jr., Assistant District Attorney, Corpus Christi, for State.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

This appeal arises from Simon Salinas's conviction for driving while intoxicated. We are called upon to consider the statutory requirement of written jury trial waivers, contained in article 1.13 of the Texas Code of Criminal Procedure, as well as the statutory admonishments required by article 26.13 of the Texas Code of Criminal Procedure. We affirm.

### FACTS

Salinas was indicted for driving while intoxicated in an indictment filed December 12, 1995, and was re-indicted by an instrument filed October 18, 1996.

Voir dire of prospective jurors commenced on December 17, 1996. During voir dire, the trial court explained the range of punishment for the crime for which Salinas stood accused. Salinas was represented by counsel during the voir dire, as well as all subsequent proceedings.[1]

---

1. In fact, Salinas was represented by two lawyers at the trial court level, and is represented by a different lawyer in the instant appeal.

On December 18, 1996, Salinas pleaded not guilty and the jury trial began. However, after the evidentiary portion of the guilt/innocence phase was underway, the record indicates that Salinas informed the trial court of his desire to withdraw his plea of not guilty and to re-plead guilty.

The trial court admonished Salinas as to his rights and the various consequences of a guilty plea. Having been assured that Salinas understood the consequences of pleading guilty, the trial court accepted Salinas's guilty plea. The jury trial then progressed to the punishment phase.

The jury assessed punishment at five years' incarceration and a fine of $2,000. Judgment was entered thereon. This appeal ensued.

Salinas raises two points of error on appeal, both of which seek remand. First, he contends that the absence from the record of a written jury trial waiver warrants reversal. Second, he contends that the trial court's failure to admonish Salinas as to the range of potential punishment, when Salinas withdrew his first plea and pleaded guilty, constitutes reversible error. We overrule both points of error for the reasons set forth below.

## WAIVER OF JURY TRIAL

In support of his first point of error, Salinas directs our attention to our recent opinion in *Havard v. State*, 925 S.W.2d 290 (Tex. App.—Corpus Christi 1996, no pet.). In *Havard*, we reversed the conviction of a defendant who had been convicted upon a bench trial. *Id.* at 291. The *Havard* defendant did not sign written waivers prior to her bench trial, and her sole appellate contention (which we found to be dispositive) focused on the trial court's failure to obtain jury waivers prior to Havard's bench trial. *Id.*

Assessing Havard's argument, we noted that a written jury trial waiver is not required by either the state or federal constitution. *Havard*, 925 S.W.2d at 291 (citing *Ex Parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim.App.—1993)). Rather than having a

constitutional basis, the requirement is purely statutory. TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon 1977 & Supp.1997); *Havard*, 925 S.W.2d at 291. Nevertheless, that is the extent of *Havard*'s relevance to the instant case. *Havard* is otherwise distinguishable on the ground that, in the instant case, Salinas informed the trial court of his desire to withdraw his plea of not guilty and to re-plead guilty *only after a jury trial had commenced.*

It is undisputed in the instant case that Salinas did not sign a jury waiver. That constitutes error. However, as noted in *Havard*, the error does not implicate either the state or federal constitution. *Havard*, 925 S.W.2d at 291. Therefore, we must determine whether the error affected a "substantial right" of Salinas. TEX.R.APP. P. 44.2 (providing that, aside from constitutional errors, "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded"). The error would implicate a substantial right if it had a "substantial or injurious influence" upon the trier. *See Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946).

It seems clear that the underlying rationale for the written jury waiver requirement of article 1.13 of the Texas Code of Criminal Procedure is to ensure that a criminal defendant understands his right to a jury trial, prior to relinquishing such a right. In the instant case, Salinas informed the trial court of his desire to plead guilty only after the commencement of the jury trial. It is therefore absolutely clear that Salinas understood his jury trial right prior to relinquishing it.[2]

Salinas's contention is further eroded by the fact that the record does not indicate that either of Salinas's trial attorneys contemporaneously objected to proceeding in the absence of a written waiver, after Salinas changed his plea to guilty. *See* TEX.R.APP. P. 33.1. Salinas's appellate counsel did file a motion for new trial, more than thirty days

---

2. Moreover, Salinas had already been accorded that right, and was exercising it at the time he switched pleas. As such, the harm typically associated with such failure is nonexistent in this case.

after the sentence was imposed against her client, alleging the ground contained in his first point of error on appeal. The record does not indicate that the trial court ruled on the new trial motion. In any event, Salinas has not alleged on appeal that his trial lawyers were deficient by failing to contemporaneously object to proceeding in the absence of a written jury waiver.

As noted above, and in light of the fact that Salinas entered his guilty plea only after commencing a jury trial on his plea of not guilty, the finding of guilt was not violative of the policy considerations underlying the statutory written waiver requirement. Our view draws support from the fact that it is not contended that Salinas's retained trial counsel rendered ineffective assistance. Under the facts of this case, the impact upon the trier of proceeding in the absence of a written jury waiver was negligible. Accordingly, the error in not receiving a written waiver from Salinas did not affect a substantial right. The first point of error is overruled.

### ADMONISHMENT AS TO RANGE OF PUNISHMENT

As stated above, under the second point of error, Salinas seeks reversal on the ground that the trial court failed to admonish him as to the range of potential punishment, when Salinas withdrew his first plea and pleaded guilty. The contention turns on the statutorily required admonishments of article 26.13 of the Texas Code of Criminal Procedure, and implicates article 26.13(c)'s "substantial compliance" proviso. Salinas urges us to follow our recent decision in *Martinez v. State*, 953 S.W.2d 804 (Tex.App.—Corpus Christi 1997, no pet. h.), in which we granted a new trial following improper admonishment by the trial court.

In *Martinez*, the defendant was erroneously admonished as to a range of punishment which was substantially greater than that which the defendant actually faced. In disposing of Martinez's contentions regarding the admonishment, we noted the following:

Article 26.13 of the Texas Code of Criminal Procedure stipulates that prior to accepting a plea of guilty, a trial court must admonish a defendant of the range of punishment attached to the offense charged. [Citations omitted.] In admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989). The trial court may make the requisite admonitions either orally or in writing; and if the admonitions are made in writing, the court must receive a statement signed by the defendant and his attorney indicating that the defendant understands the admonitions and is aware of the consequences of his plea. TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1989).

When the trial court wholly fails to admonish the defendant concerning punishment, Article 26.13 requires reversal of the conviction. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex.Crim.App.1985). When the record shows, however, that the trial court gave an incomplete or incorrect admonishment, there is a prima facie showing of a knowing and voluntary plea of guilty. *Id.* "Substantial compliance" under Article 26.13(c) has been understood to constitute a prima facie showing of a knowing and voluntary plea. *Hughes v. State*, 833 S.W.2d 137, 140 (Tex.Crim. App.1992); *Robinson v. State*, 739 S.W.2d 795, 801 (Tex.Crim.App.1987). Where this prima facie showing of voluntariness is a matter of record, the burden shifts to the defendant to show that he entered his plea without understanding the consequences of his action and thus was harmed. [Citations omitted.] Substantial compliance will be found only where a trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. [Citation omitted.] In reviewing the voluntariness of a defendant's guilty plea, we examine the record as a whole. [Citation omitted.]

*Martinez*, 953 S.W.2d at 806–07.

Aside from the foregoing, and despite the similarity of *Martinez* to the instant case (insofar as both cases involve the issue of

statutorily required admonishments), *Martinez*, upon further examination, does not control our disposition of the instant matter. *Martinez* is a case regarding erroneous and misleading admonishments. *Martinez*, 953 S.W.2d at 805. The instant case involves the trial court's failure, *vel non*, to admonish the defendant.

 In this vein, we bear in mind that the purpose and underlying policy of admonishments is to assure the trial court that the defendant is entering his guilty plea with full knowledge of the plea's consequences. In accordance with that policy objective, the defendant must be made aware of the plea's consequences prior to entering the guilty plea. By statute, the defendant must be admonished as to the following matters:

(1) range of punishment;

(2) effect of the prosecutor's punishment recommendation;

(3) requirement of the trial court's permission to appeal after conviction upon plea bargain; and

(4) immigration-related consequences of pleading guilty.

TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 1989 & Supp.1998).

At trial, upon informing the court that Salinas wished to change his plea, Salinas's counsel requested that his client be admonished. We therefore examine the record to find compliance or substantial compliance with article 26.13.

The record does not disclose, and the parties do not urge, the existence of a plea bargain or agreement. Therefore, the second and third admonishments do not apply in this case. Salinas, who admitted being an undocumented immigrant, was admonished regarding the immigration-related consequences of pleading guilty. Finally, therefore, we seek an admonishment regarding the range of punishment.

 In voir dire, the trial court unequivocally and specifically discussed the applicable range of punishment. At no point in this case have Salinas's attorneys contended that the trial judge misstated the range of punishment. Further, prior to accepting the guilty plea, Salinas informed the trial court that he had, to his satisfaction, discussed the matter of his guilty plea with his trial counsel. Salinas's trial counsel did not object to the trial court's acceptance of the guilty plea. By all accounts, therefore, it is clear that Salinas was advised by the trial court as to (and understood) the potential range of punishment prior to pleading guilty, in accordance with underlying policy objectives regarding admonishments. Accordingly, we hold that the trial court substantially complied with article 26.13. There was no failure to admonish regarding the range of punishment.

 In order to invalidate the trial court's admonishments after substantial compliance has occurred, the defendant must affirmatively show "that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX.CODE CRIM. PROC. ANN. art. 26.13(c). Salinas has not surmounted this burden for, *inter alia*, the following reasons:

- Despite the statutory requirement of an affirmative showing, Salinas never alleges in his appellate brief, and the record does not disclose, "that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

- Salinas's trial attorneys never objected to the trial court's statement as to the range of punishment, and did not object to the acceptance of the guilty plea.

- Salinas's appellate counsel does not allege that Salinas's retained trial lawyers rendered ineffective assistance in their failure to object to the trial court's acceptance of the guilty plea.

- The issue of compliance with article 26.13 was not raised by Salinas's appellate counsel in the motion for new trial.

Having examined the record, it is apparent that this issue is being advanced for the first time on appeal, in contravention of rule 33.1 of the Texas Rules of Appellate Procedure.

For the foregoing reasons, we determine Salinas's contention regarding article 26.13 of the code of criminal procedure to be meritless. The trial court achieved substantial compliance with article 26.13 which, in the

absence of a valid rebuttal by Salinas, is statutorily the functional equivalent of strict compliance with the admonishments required by the code of criminal procedure. The second point of error is overruled.

The judgment of the trial court is AFFIRMED.