Simon SALINAS, Appellant,

v.

The STATE of Texas.

No. 466–98.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 7, 1998.

Grant Jones, Corpus Christi, for appellant.

Adolfo Aguile, Jr., Asst. Dist. Atty., Corpus Christi, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

Appellant was charged by indictment with the offense of felony driving while intoxicated, alleged to have been committed on or about June 7, 1995. At trial, after withdrawing his not guilty plea before the jury and instead proceeding to plead guilty to the trial court, appellant was sentenced by a jury to 5 years incarceration and a $2,000 fine. The court of appeals affirmed the conviction and sentence. *Salinas v. State,* 963 S.W.2d 889 (Tex.App.—Corpus Christi 1998). Appellant seeks discretionary review of the court of appeals' decision.

The court of appeals held that although it was error that appellant did not sign a jury waiver, such did not affect a substantial right, and thus overruled his point of error complaining about such. *Id.* at 891–92. His petition for discretionary review asks whether under Article 1.13, V.A.C.C.P., his failure to execute a written waiver of jury trial upon changing his plea before the jury is error that is subject to harmless error analysis.

In *Meek v. State,* 851 S.W.2d 868 (Tex.Cr.App.1993), we concluded that error in failing to comply with Article 1.13's requirement of executing a written jury waiver was not subject to a harmless error analysis. However, more recently, in *Cain v. State,* this Court held that, other than federal constitutional errors labeled as structural by the United States Supreme Court, no error is categorically immune to a harmless error analysis. *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Cr.App.1997). The court of appeals failed to address either of these cases in its opinion.

We summarily grant appellant's petition, vacate the judgment of the court of appeals, and remand the cause to the court of appeals for reanalysis in light of *Meek* and *Cain, supra.*

KELLER, Judge, dissenting.

This case should be affirmed.

Appellant argued to the Court of Appeals that the failure to comply with Article 1.13 of the Texas Code of Criminal Procedure is not

subject to harmless error analysis. Even though the court did not cite to our opinion in *Cain*, it held, correctly, that the error is subject to harmless error analysis. *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997). The court then applied the proper harm analysis under Rule 44.2(b), Texas Rules of Appellate Procedure.

In *Cain*, we held that, "[e]xcept for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Id.* at 264. The error in the case before us involves noncompliance with a statute. As such, a harmless error analysis should be implemented. The Court of Appeals has already conducted a harm analysis, and appellant does not complain of the manner of the analysis.

In *Cain* we also stated, "[t]o the extent that *Marin [v. State*, 851 S.W.2d 275 (Tex. Crim.App.1993)], *Morales [v. State*, 872 S.W.2d 753 (Tex.Crim.App.1994)], *Whitten [v. State*, 587 S.W.2d 156 (Tex.Crim.App. 1979)]* and any other decision conflicts with the present opinion, they are overruled." *Id.* *Meek* is in direct conflict with *Cain*, and was thus overruled by *Cain*. *Meek v. State*, 851 S.W.2d 868 (Tex.Crim.App.1993).

*Cain's* language was deliberately broad. Harm analysis is proper for *all* errors except those that the United States Supreme Court has explicitly stated are immune from it. As long as a court of appeal's analysis is correct, we should not remand a case just because it fails to cite *Cain*. We do a disservice to the courts of appeals when we burden them with useless tasks, and that is what the majority does here. When the Court of Appeals gets the case back it will hold (again) that, yes, statutory error is subject to a harm analysis and it will hold (again) that, yes, this error was harmless.

I respectfully dissent.

McCORMICK, P.J., and WOMACK, J., join.