Toby Wayne JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–97–390–CR.

Court of Appeals of Texas, Waco.

Dec. 23, 1998.

Rehearing Overruled Feb. 10, 1999.

Brantley Pringle, Pringle, Johnson, Kersey and Bell, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Anne E. Swenson, Cari Bernstein, Steve Handy, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Before Chief Justice DAVIS, Justice CUMMINGS, and Chief Justice FRANK G. McDONALD (Retired).

## OPINION

REX D. DAVIS, Chief Justice.

The court convicted Appellant Toby Wayne Johnson in a bench trial of cruelty to an animal. *See* TEX. PEN.CODE ANN. § 42.09(a)(5) (Vernon Supp.1999). The court sentenced him to 180 days in the county jail and a $500 fine.

The information alleges that Johnson did intentionally or knowingly kill an animal, to-wit: a kitten belonging to Michelle Thun by kicking the kitten with his foot without the consent of Michelle Thun and without legal authority.

The evidence reflects that Johnson repeatedly kicked the kitten across the yard of an apartment complex. Witness Kirby saw it happen and remembered that a neighbor, Ms. Thun, was looking for a kitten earlier in the day. Witness Kirby picked up the kitten and carried it to Ms. Thun who said the kitten was hers and appeared upset and in shock. Ms. Thun then took the kitten, which was dead, from Ms. Kirby and called the

police. Johnson stated the kitten should not have been on his patio.

In the punishment phase the State introduced evidence that Johnson had been convicted of burglary, theft of property over $750 and under $20,000, and delivery of cocaine. The court sentenced Johnson as indicated above.

[redacted] Johnson appeals on one point of error: "The trial court committed reversible error by proceeding to a non-jury trial without written waiver of a jury signed by Appellant before the trial began in contravention of the requirement in Article 1.13 of the Texas Code of Criminal Procedure."

Article 1.13(a) provides in pertinent part:

> The defendant in a criminal prosecution for any offense other than a capital felony ... shall have the right ... to waive the right of trial by jury, conditional, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.

TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.1999).

Specifically, Johnson complains that he never waived in writing his right to a jury trial and that no such written waiver was ever filed in the case. He does concede that the judgment and sentence recite that he waived a trial by jury.

Before the adoption of the new appellate rules, if the record did not contain a written jury waiver and the judgment did not recite the defendant had waived a jury *in writing*, reversal was required without regard to harm. *See Meek v. State*, 851 S.W.2d 868, 869 (Tex.Crim.App.1993); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1985) (op. on reh'g). Since the new appellate rules went into effect, our research has revealed two published Texas cases addressing the standard which should be used in this situation.

The Corpus Christi court has determined that such error is statutory and subject to the harm analysis contained in Rule 44.2(b) of the appellate rules. *Salinas v. State*, 963 S.W.2d 889, 891 (Tex.App.—Corpus Christi 1998), *vacated*, 980 S.W.2d 219 (Tex.Crim. App. 1998). The Court of Criminal Appeals vacated the judgment in *Salinas* and remanded that case to the court of appeals "for reanalysis in light of *Meek* and *Cain* [*v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997)[1] ]." *Salinas v. State*, 980 S.W.2d 219, 220 (Tex.Crim.App. 1998).

The Dallas court has held that such error is structural error which requires automatic reversal. *Lowery v. State*, 974 S.W.2d 936, 941–42 (Tex.App.—Dallas 1998, no pet.). The Dallas court relied heavily on *Sullivan v. Louisiana* in reaching this conclusion. 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). *Sullivan* is a case in which the trial court submitted to the jury an unconstitutional definition of the term "reasonable doubt." *See id.*, 508 U.S. at 277, 113 S.Ct. at 2080. The Supreme Court held that this is tantamount to the denial of the accused's constitutional right to a jury trial. *Id.*, 508 U.S. at 278, 113 S.Ct. at 2081. Accordingly, the Court determined that the error was of such magnitude as to constitute "structural error" which cannot be subjected to a meaningful harm analysis. *Id.*, 508 U.S. at 281–82, 113 S.Ct. at 2082–83. The Dallas court followed *Sullivan* to conclude that the absence of a written jury waiver is tantamount to the denial of an accused's constitutional right to a jury trial. *Lowery*, 974 S.W.2d at 942. The court held that such error is "a constitutional structural error not subject to a harm analysis." *Id.*

In *Rachuig v. State*, this Court examined the appropriate harm analysis to be employed when the trial court has failed to properly admonish the accused under article 26.13 of the Code of Criminal Procedure. 972 S.W.2d 170 (Tex.App.—Waco 1998, pet. filed). Reviewing federal authorities, we concluded that such error is statutory in nature because article 26.13 is designed "to insure that the defendant entered his plea

1. In *Cain*, the Court held that, "[e]xcept for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997).

with full knowledge of its consequences" because "[a]n affirmative showing of such knowledge is constitutionally required." *Id.* at 175 (quoting *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Crim.App. [Panel Op.] 1979) (op. on reh'g)); *accord Carranza v. State*, 980 S.W.2d 653, 657 (Tex.Crim.App. 1998) (article 26.13 error is "non-constitutional error"). We adopted the harmless error analysis used by the federal courts in assessing harm flowing from admonishment errors. *Rachuig*, 972 S.W.2d at 175–76.

■ The federal and state requirements for a written jury waiver are substantially identical. *Compare* FED.R.CRIM.P. 23 *with* TEX.CODE CRIM. PROC. ANN. art. 1.13(a). As article 26.13 is designed to insure the constitutional requirement that an accused's guilty plea be knowing and voluntary, the written jury waiver requirement is designed to insure an accused's constitutional right to a jury trial. For this reason, we consider the absence of a written jury waiver from the record to be a statutory error.

■ The federal courts employ the following rule when reviewing cases where no written waiver appears in the record:

> A defendant may not effectively waive his right to a jury trial without meeting Rule 23's "in writing" requirement. The only exception is where the record clearly reflects that the defendant "personally gave express consent in open court, intelligently and knowingly."

*United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir.1985) (quoting *United States v. Reyes*, 603 F.2d 69, 71 (9th Cir.1979)); *accord United States v. Lockwood*, 604 F.2d 7, 8 (5th Cir.1979). Henceforth, we shall follow this rule. Thus, if the record contains no written jury waiver, we will find that the defendant's "substantial rights" have been affected unless "the record clearly reflects that the defendant 'personally gave express consent in open court, intelligently and knowingly.'" *Saadya*, 750 F.2d at 1420; *see also* TEX.R.APP. P. 44.2(b).

In the case before us, the record in no way reflects that Johnson personally and expressly waived his right to a jury trial in open court. Accordingly, we conclude that his "substantial rights" have been affected. TEX. R.APP. P. 44.2(b). We sustain his sole point.

We reverse the judgment and remand this cause for a new trial.

FRANK G. McDONALD, C.J., Retired, dissenting.

FRANK G. McDONALD, Chief Justice (Retired), dissenting.

I respectfully dissent to the majority's opinion and would overrule Appellant's point of error and affirm the judgment of the trial court.

Appellant cites *Marquez v. State*, 921 S.W.2d 217 (Tex.Crim.App.1996) which holds:

> Because of the fundamental and inviolate nature of the right to trial by jury, Texas law requires waiver of jury trial to be made in person, in writing, in open court. TEX.CODE CRIM. PROC. art. 1.13.

*Marquez* was handed down in April 1996. Effective September 1, 1997, Amended Rules of Appellate Procedure were set in place by our Supreme Court and Court of Criminal Appeals.

> Rule 44.2. Reversible Error in Criminal Cases:
>
> (a) Constitutional error . . . .
>
> (b) Other errors. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

The failure to sign a written jury waiver did not affect Appellant's substantial or constitutional rights. *Salinas v. State*, 963 S.W.2d 889, 892 (Tex.App.—Corpus Christi 1998). In this case Appellant made no complaint about being tried before the judge and raises for the first time on appeal the lack of a written jury waiver.

This court addressed the new non-constitutional test mandated by Rule 44.2(b), Texas Rules of Appellate Procedure, in *Fowler v. State*, 958 S.W.2d 853, 866 (Tex.App.—Waco 1997, no pet.), and after a careful and exhaustive analysis stated:

> In summary, when we assess harm under Rule 44.2(b) flowing from non-constitutional error, we review the entire record to

determine whether the error had more than a slight influence on the verdict. If we find that it did, we must conclude that the error affected the defendant's rights in such a way as to require a new trial. If we have grave doubts about its effect on the outcome, we should find that the error was such as to require a new trial. Otherwise we should disregard the error.

From all the evidence in this record, I conclude that the complained of error had no effect on the verdict. Thus, I would hold the technical violation of Article 1.13, Texas Code of Criminal Procedure harmless and disregard the error. *See also Cain v. State,* 947 S.W.2d 262 (Tex.Crim.App.1997). I would affirm.