**Simon SALINAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–97–010–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 18, 1999.

Reynaldo Martinez, Jr., Linda J. Rhodes Schauer, Grant Jones, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., Adolfo Aguilo, Jr., Asst. Dist. Atty., Corpus Christi, for State.

Before Chief Justice SEERDEN and Justices YAÑEZ and CHAVEZ.

**OPINION**

Justice CHAVEZ.

The Court of Criminal Appeals has instructed us to reexamine this case in light of *Meek v. State*, 851 S.W.2d 868 (Tex.Crim. App.1993), and *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997). *Salinas v. State*, 980 S.W.2d 219, 219 (Tex.Crim.App.1998). The first time this case was before us, we held that the trial court erred in failing to secure a written jury waiver from the defendant before he pleaded guilty to the trial court, as

required by article 1.13 of the Texas Code of Criminal Procedure. However, because appellant changed his plea to guilty only after a jury trial had already commenced, we held that appellant was aware of his right to a jury trial, and therefore the error was harmless under Texas Rule of Appellate Procedure 44.2. *Salinas v. State*, 963 S.W.2d 889, 892 (Tex.App.—Corpus Christi 1998).

Upon remand, we sent notices to the parties inviting them to file supplemental briefs. No such briefs were filed. Because Salinas briefed the issue before us on remand in his initial brief and was permitted to file a supplemental brief if he wished, we may consider the appeal on the original briefs and need not execute the procedures for inquiring into the absence of an appellant's brief set out in Texas Rule of Appellate Procedure 38.8(b). *Bell v. State*, 956 S.W.2d 560, 561 (Tex.Crim. App.1997).

As instructed, we will now reexamine the harm issue in light of the Court of Criminal Appeals' opinions in *Meek* and *Cain*. *Meek* held that harmless error analysis was inappropriate when the trial court's error was the failure to comply with the jury waiver requirements of article 1.13. *Meek*, 851 S.W.2d at 871, citing *Marin v. State*, 851 S.W.2d 275, 281 (Tex.Crim.App.1993). However, *Cain* held that "except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error ... is categorically immune to a harmless error analysis." *Cain*, 947 S.W.2d at 264. *Cain* declared that, "to the extent that *Marin* ... and any other decision conflicts with the present opinion, they are overruled." *Id.*

 The failure to comply with the jury waiver requirement of article 1.13 is a statutory error, not a constitutional error. *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim.App.1993); *Havard v. State*, 925 S.W.2d 290, 291 (Tex.App.—Corpus Christi 1996, no pet.). Therefore, following the instruction of *Cain*, we must conduct harmless error analysis for this error. The standard for evaluating the harm caused by non-con-stitutional errors is found in rule 44.2(b), which provides that "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Tex.R.App. P. 44.2(b). The error would affect a substantial right if it had a "substantial or injurious influence" upon the trier. *See Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim. App.1997).

 This is, in fact, the same harmless error analysis we conducted when this case was previously before us. At that time we determined beyond a reasonable doubt that the error was harmless. *Salinas*, 963 S.W.2d at 891–92. We have reexamined our previous analysis and still find it sound. We see no purpose served from restating the analysis from our previous opinion. Having reexamined appellant's first point of error in light of *Meek* and *Cain*, we overrule the point and affirm the judgment of the trial court.[1]

---

1. Salinas brought two points of error, the second complaining of the trial court's failure to admonish him of the range of punishment, as required by article 26.13(a). We overruled that point in our first opinion, *Salinas*, 963 S.W.2d at 893–94, and appellant did not seek review of that point from the Court of Criminal Appeals.