NUMBER 13-00-262-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI

____________________________________________________________


DAVID BENITEZ CHAVEZ, Appellant,


v.



THE STATE OF TEXAS , Appellee.

____________________________________________________________


On appeal from the 24th District Court


of Calhoun County, Texas.


____________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Valdez



 Appellant David Benitez Chavez was convicted by a jury of
aggravated sexual assault(1) in the 24th Judicial Court of Calhoun
County, Texas. As a repeat felony offender, he was sentenced to life in
prison. Appellant now raises two issues for our review. We affirm the
judgment of the trial court.

 J.S., a minor, was spending the night at a friend's house. 
Appellant is the uncle of J.S.'s friend. Appellant's brother took J.S.
back to her parents at about 3:00 a.m. She told her parents that
appellant had molested her. Her parents then took her to the police
department, where a police officer spoke with her and her family, and
made a report. J.S. was visibly upset when she made these
statements. After reporting the crime to the police, the family went to
the emergency room where J.S.'s pediatrician examined her and made
a report. Her pediatrician testified that his examination of her body in
the emergency room showed physical evidence of molestation. He also
testified that the victim alleged "inappropriate sexual activity."

 In his first issue, appellant attacks the legal and factual sufficiency
of the evidence. The standard of review for a legal sufficiency challenge
is whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a legal sufficiency review,
we review the evidence in the light most favorable to the jury's verdict. 
Id. When we review the factual sufficiency of the evidence, we set
aside the verdict only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and manifestly unjust. Id. Our duty
in a factual sufficiency review is to act as a due process safeguard
ensuring only the rationality of the factfinder, not to reweigh the
evidence from reading a cold record. Matamoros v. State, 901 S.W.2d
470, 474 (Tex. Crim. App. 1995).

 Appellant contends that because the indictment used the word
"female sexual organ"(2) and witnesses used the words "private" or
"privates" rather than "female sexual organ," the State did not prove
what it set out in the indictment. Appellant argues that the words
"private" and "privates" are "merely vague terms of convenience."

 J.S. and her friend testified. Both used the words "private" and
"privates" instead of "sexual organ." The executive director of a child-victim assistance center took the girls' depositions. She testified about
the depositions and used a diagram to supplement the testimony of the
other child, but not J.S. Appellant argues that the area on the diagram
labeled privates does not adequately identify the female sexual organ. 
The police officer who made the report and J.S.'s mother both quoted
the victim's use of the word "privates" instead of "female sexual
organ."

 Ideally, the phrase "female sexual organ" would have been elicited
before the jury. However, the State's reliance on the words "private"
and "privates" suffices because the pediatrician testified as to an
"abrasion near the vagina [which] was very fresh," the diagram used at
trial had clear marks that pointed to the genital area of the figure on the
diagram, and it is very clear from the context of each witness's
testimony that the words "private" and "privates" were euphemisms for
"female sexual organ." See Tex. Code Crim. Proc. Ann. art. 3.01
(Vernon 1977) ("All words, phrases and terms used in this code are to
be taken and understood in their usual acceptation in common
language, except where specifically defined"); see also Russell v. State,
665 S.W.2d 771, 780 (Tex. Crim. App. 1983) (statutory language not
defined by the legislature takes any meaning that ordinary usage
allows). We find the evidence factually and legally sufficient. See
Johnson, 23 S.W.3d at 7. We overrule appellant's first issue.

 Appellant argues in his second issue that the trial court erred by
admitting the testimony of two "outcry" witnesses.(3) The first of these
witnesses was the police officer who made the report of the incident. 
The second was J.S.'s mother. Appellant made hearsay objections at
trial to the testimony of both witnesses. The testimony of the police
officer was admitted as that of an "outcry" witness. The prosecution
then attempted to admit the testimony of J.S.'s mother as both an
outcry witness and under the excited utterance exception to the
hearsay rule.(4) The court admitted J.S.'s mother's testimony without
specifying whether it was admitted as outcry testimony or as an excited
utterance. Even assuming any error, it was harmless because it did not
affect a substantial right of the defendant. Tex. R. App. P. 44.2.(5) If the
court admitted the second of the two witnesses's testimony as an
excited utterance, it was within the court's discretion to do so. Coffin
v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). We see no
abuse of discretion. We overrule appellant's second point of error.

 We AFFIRM the judgment of the trial court. 


 _______________________

 Rogelio Valdez

 Chief Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 29th day of March, 2001.

 

1. Tex. Pen. Code §22.021 (Vernon Supp. 2001).
2. "Female sexual organ" is not defined in the penal code.
3. See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2001).
4. See Tex. R. Evid. 803(2). 
5. Under Texas Rule of Appellate Procedure 44.2, only certain federal
constitutional errors labeled by the United States Supreme Court as "structural" are
categorically immune to reversible error analysis. Salinas v. State, 980 S.W.2d
219, 219 (Tex. Crim. App. 1998). Structural error exists when a defect at trial
affects the framework within which the trial proceeds, as opposed to error within
the trial process itself. Arizona v. Fulminante, 499 U.S. 279, 310; 111 S.Ct. 1246,
1265 (1991). "A structural error requires automatic reversal and is not subject to
harmless error analysis because it involves a deprivation of a constitutional
protection so basic that in its absence, 'a criminal trial cannot reliably serve its
function as a vehicle for determination of guilt or innocence, and no criminal
punishment may be regarded as fundamentally fair.'" Epps v. State, 24 S.W.3d
872, 878 n.3 (Tex. App.--Corpus Christi 2000, pet. denied) (citing Bentley v.
Scully, 41 F.3d 818, 823 n.1 (2nd Cir. 1994)); see Fulminante, 499 U.S. at 310. 
The Supreme Court "has applied harmless-error analysis to a wide range of errors
and has recognized that most constitutional errors can be harmless. Fulminante,
499 U.S. at 306; 111 S.Ct. at 1263. The Supreme Court has never classified the
admission of two or more outcry witnesses as structural error. Non-structural
constitutional errors require reversal of the trial court's judgment unless the
reviewing court determines beyond a reasonable doubt that the error did not
contribute to the conviction or punishment. Tex. R. App. P. 44.2(a). Non-constitutional errors require reversal only if the error affects a substantial right of
the defendant. Tex. R. App. P. 44.2(b). A violation of the hearsay rule is statutory
error. Tex. R. Evid. 801(d). Here, because there is clearly enough evidence besides
this testimony to support a finding of guilt, if this testimony were admitted as
outcry testimony, no substantial right of the defendant was disturbed. See Barrera
v. State, 10 S.W.3d 743, 746 (Tex. App.--Corpus Christi 2000, no pet.) (improper
admission of evidence is not reversible error if the same facts are proved by
additional properly admitted evidence).