NUMBER 13-07-228-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SANTOS SOLIS A/K/A SANTOS SOLIZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza


 

 Appellant, Santos Solis a/k/a Santos Soliz ("Solis"), was charged by indictment with
a DWI committed on June 12, 2006. The indictment alleged two previous DWI
convictions--one in 1993 and one in 1998. After a hearing before the bench, appellant
was convicted of driving while intoxicated. See Tex. Penal Code Ann. § 49.04 (Vernon
2003). During the punishment phase of the trial, also before the bench, appellant pleaded
true to the enhancement portion of his prior conviction in trial court number 92-CR-1291-H
and admitted his prior DWI convictions. The trial court subsequently assessed punishment
at sixteen years' confinement with a $5,000 fine. Appellant's counsel has filed an Anders
brief in which she stated that after reviewing the record, she perceived two issues for
review but rejected both as arguable grounds for reversal. The grounds are: (1) whether
the trial court obtained a knowing and voluntary waiver from appellant of the right to trial
by jury; and (2) whether the trial court erred by ruling on appellant's motion to recuse,
rather than referring the motion pursuant to rule 18a of the Texas Rules of Civil Procedure. 
See Tex. R. Civ. P. 18a. After thoroughly reviewing the record, we agree that the appeal
is frivolous and affirm the judgment of the trial court.

I. Factual and Procedural Background

 Appellant was arrested on June 12, 2006, near the intersection of the Crosstown
Expressway frontage road and Gollihar for failing to stop at two red lights. Officer Sidney
Weikel testified that, once stopped, appellant smelled of alcohol, he appeared
uncoordinated and confused, his eyes were bloodshot, his speech was slurred, and he
appeared disheveled. Weikel further testified that appellant had difficulty unlatching his
seatbelt and stumbled when exiting the vehicle. Subsequently, Officer Weikel
administered three field sobriety tests: the HGN, the walk and turn, and the one-leg stand, 
all of which appellant poorly performed. As a result of appellant's poor performance on the
field sobriety tests, Officer Weikel arrested appellant and escorted him to a detention
facility where subsequent tests were conducted on videotape. Officer Weikel testified that
appellant was unable to provide a sufficient sample to get a reading on the intoxilizer, but
Officer Weikel noted that appellant did not have normal use of his physical and mental
faculties that night.

 Appellant was indicted for driving while intoxicated, his third DWI offense, which
constituted a third-degree felony. See Tex. Penal Code Ann. §§ 49.04 (Vernon 2003),
49.09(b)(2) (Vernon Supp. 2007). On February 26, 2007, retired Judge Joaquin Villarreal,
III heard Solis's case. After announcing ready, appellant's trial counsel requested that
Judge Villarreal recuse himself from the case since Judge Villarreal had handled
appellant's previous two DWI cases and allegedly recognized appellant and stated that,
at a pretrial hearing, he never forgets a face. Because of Judge Villarreal's prior
involvement with appellant and his comments at the pretrial hearing, appellant contends
that he was unable to obtain a fair assessment of his case in both the guilt and innocence
and punishment phases. Appellant further alleges that he never received admonishments
from the trial court pertaining to his right to a jury trial. 

 On March 5, 2007, appellant was convicted of driving while intoxicated and
sentenced to sixteen years' imprisonment accompanied by a $5,000 fine. Because
appellant was a repeat felony offender, his punishment was enhanced to a second-degree
felony, which carried a range of punishment of two to twenty years' confinement with a fine
of up to $10,000. See id. §§ 12.42(a)(3) (Vernon Supp. 2007), 12.33 (Vernon 2003). 
Appellant filed a motion for new trial on March 7, 2007. After a hearing, the trial court
denied appellant's motion for new trial on April 4, 2007. The trial court certified appellant's
right of appeal on April 11, 2007. This appeal ensued. 

II. Arguable Grounds

 

A. Waiver of jury trial


 By his first arguable ground, appellant contends that his constitutional right to a trial
by jury was infringed upon because (1) the trial court failed to inform appellant of his right
to a trial by jury, and (2) the trial court failed to obtain a knowing and voluntary waiver of
appellant's right to a jury trial. The State has not filed an appellate brief in response to
appellant's contentions. See Siverand v. State, 89 S.W.3d 216, 219 (Tex. App.-Corpus
Christi 2002, no pet.) ("The Texas Rules of Appellate Procedure require appellant to either
file a brief or state that he no longer desires to prosecute the appeal. Tex. R. App. P.
38.8(b). However, there is no corresponding rule requiring the State to file a brief in
response to appellant's brief."). As such, we will accept appellant's argument at face value
and proceed. See id. 

 Article 1.13(a) of the Code of Criminal Procedure provides, in relevant part, that the
defendant "shall have the right, upon entering a plea, to waive the right of trial by jury,
conditioned, however, that such waiver must be made in person by the defendant in writing
in open court with the consent and approval of the court, and the attorney representing the
State." Tex. Code Crim. Proc. Ann. art. 1.13 (Vernon 2005). In the instant case, the
record does not contain a written waiver of appellant's right to trial by jury signed by
appellant, which violates article 1.13. See id. Instead, the record contains written
admonishments signed by the State's attorney and Kimberly Lozano, the court clerk's
assistant. At the hearing on appellant's motion for new trial, Lozano testified that she gave
appellant's trial counsel a written copy of the court's admonishments. She further testified
that she observed appellant's counsel discussing the admonishments with appellant and
that appellant's counsel informed the court that appellant's case was going to be a bench
trial and that appellant refused to sign anything. 

 The failure to waive the right to a jury trial in this manner is a statutory error, not a
constitutional error. Ex parte Sadberry, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993);
Havard v. State, 925 S.W.2d 290, 291 (Tex. App.-Corpus Christi 1996, no pet.). Such
error is subject to harm analysis. Salinas v. State, 987 S.W.2d 922, 923 (Tex.
App.-Corpus Christi 1999, no pet.) (op. on remand). Therefore, when waiver of a jury trial
has not been properly obtained, the reviewing court must determine whether the
defendant's substantial rights have been affected. Salinas, 987 S.W.2d at 923; see
Jackson v. State, 76 S.W.3d 798, 801 (Tex. App.-Corpus Christi 2002, no pet.). In
determining whether an error "affected substantial rights," we consider whether a party had
a right to that which the error denied. Johnson v. State, 72 S.W.3d 346, 348 (Tex. Crim.
App. 2002). If no substantial rights have been affected, the error must be overlooked. 
Tex. R. App. P. 44.2(b). 

 The trial court's judgment provided that "[t]hereupon both sides announced ready
for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open
court and in writing to waive a jury in the trial of this cause and to submit it to the Court. 
The Court consented to the waiver of a jury." That recitation is "binding in the absence of
direct proof of [its] falsity." Johnson, 72 S.W.3d at 349 (citing Breazeale v. State, 683
S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g)). If appellant "waived" a jury trial,
then he must have known about his right to a jury trial, otherwise he could not have waived
it. Id. The use of the term "waive" "presumes knowledge, because 'to waive a right one
must do it knowingly--with knowledge of the relevant facts.'" Id. (citing Black's Law
Dictionary 1276 (7th ed. abridged 2000)). Because the judgment stated that appellant
waived a jury trial, and that statement indicated that appellant knew about his right to a jury
trial, then we must presume that statement is correct in the absence of direct proof of its
falsity. Id. There is no such proof in the record. Although article 1.13 of the Code of
Criminal Procedure was violated, appellant was not harmed by the violation because the
record reflects that he was aware of his right to a jury trial and opted for a bench trial
instead. See id; see also Tex. R. App. P. 44.2(b). Accordingly, we agree with the
assessment of appellant's counsel that this ground is without merit.

B. Recusal of the trial judge

 By his second arguable ground, appellant asserts that the trial judge erred in ruling
on his motion to recuse, rather than referring the motion to another judge pursuant to rule
18a of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 18a. As previously
mentioned, the State has not filed an appellate brief in response to appellant's contentions. 
Again, we will accept appellant's argument at face value and proceed. See Siverand, 89
S.W.3d at 219.

 The procedure for recusal of judges set out in rule 18a of the Texas Rules of Civil
Procedure applies in criminal cases. See Tex. R. Civ. P. 18a; De Leon v. Aguilar, 127
S.W.3d 1, 5 (Tex. Crim. App. 2004). Rule 18a requires that motions to recuse be made
in writing, be verified, and be filed at least ten days before the trial or hearing. Tex. R. Civ.
P. 18a. When a recusal motion is timely filed, rule 18a leaves a trial judge with no
discretion; the trial judge must either recuse himself or refer the motion for another judge
to decide. See Tex. R. Civ. P. 18a(c); De Leon, 127 S.W.3d at 5. However, the trial judge
has no such duty when a recusal motion is not timely filed. See De Leon, 127 S.W.3d at
5 n.3; see also Arnold v. State, 853 S.W.2d 543, 544-45 (Tex. Crim. App. 1993). 
Moreover, even if such a duty were to exist, the Texas Court of Criminal Appeals has held
that a trial court's failure to comply with rule 18a can be harmless where the record
demonstrates that the trial judge was not biased. See De Leon, 127 S.W.3d at 6; see also
McClenan v. State, 661 S.W.2d 108, 111 (Tex. Crim. App. 1983).

 In the instant case, appellant made an oral request for Judge Villarreal to be
recused on the day of the trial. Appellant's recusal request was premised on the fact that
Judge Villarreal had handled appellant's two previous DWI cases and that Judge Villarreal
stated that he remembered appellant's face. The record does not contain a written motion
to recuse filed by appellant within ten days before the trial or hearing. In any event, the
record reflects that Judge Villarreal did not sentence appellant to the maximum sentence
of twenty years prescribed by statute. Further, Judge Villarreal's comment that he
remembered appellant was innocuous and did not indicate any biases existed. Therefore,
considering that appellant failed to make a written request for recusal at least ten days prior
to trial and that the record does not reflect that Judge Villarreal was biased, we conclude
that Judge Villarreal's failure to comply with rule 18a constituted harmless error. See Tex.
R. Civ. P. 18a; see also De Leon, 127 S.W.3d at 6 (citing McClenan, 661 S.W.2d at 111);
Arnold, 853 S.W.2d at 544-45. Accordingly, we agree with the assessment of appellant's
counsel that this ground is without merit. 

III. Compliance with Anders v. California

 Appellant's counsel filed an Anders brief in which she has concluded that there is
nothing that merits review on direct appeal. Anders v. California, 386 U.S. 738, 744
(1967). Appellant's brief meets the requirements of Anders. Id. at 744-45; see High v.
State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with
Anders, counsel presented a professional evaluation of the record and referred this Court
to what, in her opinion, are all issues which might arguably support an appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812. Counsel informed this Court that: (1) she had diligently
read and reviewed the record and the circumstances of appellant's conviction; (2) she
believes that there are no arguable grounds to be advanced on appeal; and (3) she
forwarded to appellant a copy of the brief filed in support of her motion to withdraw with a
letter on June 28, 2007, informing appellant of his right to review the record and to file a
pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503,
509 (Tex. Crim. App. 1991); High, 573 S.W.2d at 813. On May 24, 2007, appellant's
counsel filed an unopposed motion for an extension of time to file a pro se brief with this
Court if appellant so desired. We granted the motion and set a deadline of June 30, 2007. 
The deadline has passed and appellant has not filed a pro se brief. See Anders, 386 U.S.
at 744-45; see also High, 573 S.W.2d at 813.

IV. Independent Review The Supreme Court advised appellate courts that upon receiving a "frivolous appeal"
brief, they must conduct "a full examination of all proceedings to decide whether the case
is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra v. State, 93
S.W.2d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we have carefully
reviewed the record and have found nothing that would arguably support an appeal. (1) See
Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); Stafford, 813 S.W.2d at
509. We agree with counsel that the appeal is wholly frivolous and without merit. See
Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by indicating in the
opinion it considered the issues raised in the brief and reviewed the record for reversible
error but found none, the court of appeals met the requirements of Texas Rule of Appellate
Procedure 47.1."). Accordingly, we affirm the judgment of the trial court.

V. Motion to Withdraw An appellate court may grant counsel's motion to withdraw in connection with an
Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stafford,
813 S.W.2d at 511 (noting that an Anders brief should be filed with a request to withdraw
from the case). We grant counsel's motion to withdraw. We order counsel to advise
appellant promptly of the disposition of the case and the availability of discretionary review. 
See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 

 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 14th day of February, 2008. 


1. Pursuant to Bledsoe v. State, we are not obligated to address arguable grounds advanced on
appeal. However, we chose to do so in this case out of an abundance of caution and in the interest of justice. 
178 S.W.3d 824, 827 (Tex. Crim. App. 2005).