TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





 NO. 03-01-00303-CR





 Daniel Rodriquez Ortiz, Appellant


 v.


 The State of Texas, Appellee






 FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT

 NO. 4770, HONORABLE BEN WOODWARD, JUDGE PRESIDING






In November 2000, appellant Daniel Rodriguez Ortiz pleaded guilty to the felony
offense of retaliation, see Tex. Pen. Code Ann. ' 36.06 (West Supp. 2002), enhanced with two prior
felony convictions. As part of his plea agreement, the district court deferred adjudication of guilt and
placed appellant on community supervision for ten years. In May 2001, after a hearing on the State=s
motion to revoke, the court revoked appellant=s supervision, adjudicated him guilty, and imposed a
sentence of imprisonment for twenty-five years.

Appellant contends the district court failed to properly admonish him of the range of
punishment during his guilty plea. See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(a) (West Supp.
2002). In his sole point of error, appellant argues that, because the range of punishment for his
offense as enhanced was twenty-five to ninety-nine years instead of the fifteen to ninety-nine year range
as he was admonished, the trial court committed reversible error. Because appellant failed to
demonstrate that he was harmed by the incorrect admonishment, we affirm the judgment. (1)


DISCUSSION

The Code of Criminal Procedure sets forth at article 26.13 the necessary
admonishments that must be given to a criminal defendant in a felony guilty plea. See id. art. 26.13. 
The pertinent sections of article 26.13 state:


(1) Prior to accepting a plea of guilty . . . the court shall admonish the defendant
of:


(1) the range of punishment attached to the offense;


*** *** ***


(c) In admonishing the defendant as herein provided, substantial compliance by
the court is sufficient, unless the defendant affirmatively shows that he was
not aware of the consequences of his plea and that he was misled or harmed
by the admonishment of the court.



Id.

Relying on Martinez v. State, 953 S.W.2d 804 (Tex. App.CCorpus Christi 1997),
rev=d, 981 S.W.2d 195 (Tex. Crim. App. 1998), appellant urges that an incorrect admonishment
as to the range of punishment at a guilty plea must necessarily result in the reversal of his
probation revocation. Appellant is correct that the facts of Martinez are similar to this case. 
There, the court of appeals reversed Martinez=s conviction, holding that his initial plea of guilty
was not voluntarily made because he was incorrectly admonished as to the maximum range of
punishment for his offense. Id. at 807. Facing a range of two to ten years, Martinez was
mistakenly advised on his written form of the possibility of a life sentence. Id. Thus, the written
admonishment that appellant signed indicated that the punishment to which he was exposed was
Aconfinement in prison for life or for any term of not more than 10 years or less than 2 years.@ 
Id. at 805. In admonishing Martinez, the trial court inquired as to whether appellant was aware
of the applicable punishment range in his case, but did not iterate the actual range of
imprisonment he faced. Id. at 807.

But appellant=s reliance on Martinez is misplaced because it was reversed by the
court of criminal appeals. See Martinez v. State, 981 S.W.2d 195 (Tex. 1998). There, the court
held that when a record shows that the trial court delivered an incorrect admonishment regarding
the range of punishment, substantial compliance is attained so long as the actual sentence lies
within both the actual and misstated maximum. Id. at 197. Here, the actual sentence imposed falls
within the actual twenty-five to ninety-nine year punishment range and the admonished sentence of
fifteen to ninety-nine years. Thus, appellant must show harm different from the actual sentence
imposed.

Appellant does not assert, nor is there any indication in the record, that he would not
have entered a guilty plea if the minimum length of imprisonment had been twenty-five instead of
fifteen years. Among the consequences of a violation of the conditions of deferred adjudication
supervision is an adjudication of guilt, after which assessment of punishment and imposition of
sentence continue as if adjudication had not been deferred. Tex. Code Crim. Proc. Ann. art. 42.12, '
5(b) (West Supp. 2002). Following the adjudication, then, the court may assess any punishment
within the range applicable to the offense. Robinson v. State, 739 S.W.2d 795, 801 (Tex. Crim. App.
1987); see also Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996) (A[W]hen a prosecutor
recommends deferred adjudication in exchange for a defendant=s plea of guilty or nolo contendere, the
trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he
later assesses any punishment within the range allowed by law.@). This is true even if the original
guilty plea was made pursuant to a plea agreement. Ditto v. State, 988 S.W.2d 236, 239-40 (Tex. Crim.
App. 1999).

The record at the initial plea of guilty indicates that there may have been some
confusion over the minimum sentence the offense, as enhanced, carried. It was defense counsel who
suggested that the court was mistaken as to the range and that, as an habitual offender, appellant was
exposed to fifteen to ninety-nine years. But appellant does not claim that he did not know he could
receive a minimum of twenty-five years. Nor does he assert that he was more likely to plead guilty to
an offense carrying a minimum sentence of fifteen years than twenty-five. Appellant was sentenced
within the range of punishment as admonished by the trial court. We conclude that the district court
substantially complied with the requirements of article 26.13. (2)

Without a showing that his guilty plea was actually induced by the misinformation,
appellant has not demonstrated harm that would entitle him to reversal. See Brown v. State, 943 S.W.2d
35, 42 (Tex. Crim. App. 1997). The record contains no evidence that tends to show that appellant
was actually harmed or misled in making his initial determination to enter a guilty plea. He merely
argues that the information was incorrectly presented at his initial sentencing hearing.

We conclude that appellant has not demonstrated that he relied on the incorrect
portion of the admonishment in choosing to enter a plea of guilty. We further conclude that the trial
court substantially complied with its admonishment requirements. Appellant=s point of error is
overruled.


CONCLUSION

The judgment of conviction is affirmed.



 


Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: January 10, 2002

Do Not Publish


1. [1]   Arguably, this contention should have been raised in an appeal from the original plea
proceeding. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The State
does not raise this issue and we do not address it.
2. [2]   The court=s docket sheet carried the correct range of punishment. In his closing argument at the
time of sentencing, the prosecutor stated: AIn the Court granting the deferred adjudication last year, I
believe the Defendant realized that if he didn=t follow the terms of the probation he was looking at a
minimum of 25 if he was revoked.@ Defense counsel then responded that the court had two options:
AOne option is to go ahead and sentence him to 25 to 99 or life. Option number two would be to, on
the Court=s own motion, to place him back on a deferred adjudication.@ While there is no indication
that appellant saw the correct range on the docket sheet, there is nothing in the record to indicate
appellant was misled at the time of sentencing following his revocation. Appellant made no request to
withdraw his plea at the time of the revocation hearing, nor did he file a motion for new trial. See Tex.
R. App. P. 33.1(a).