Omar BARRERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–96–062–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 6, 2000.

Rene B. Gonzalez, Brownsville, for Appellant.

John A. Olson, Asst. County & Dist. Atty., Yolanda De Leon, Dist. Atty., Brownsville, for State.

Before Chief Justice SEERDEN and Justices CHAVEZ and RODRIGUEZ.

## O P I N I O N

RODRIGUEZ, Justice.

A jury convicted appellant, Omar Barrera, of attempted murder and the trial court sentenced him to fifteen years confinement. After a hearing on a motion for new trial, the sentence was reduced to ten years. Appellant raised six points of error on appeal, challenging the jury charge, the sufficiency of the evidence, and the trial court's ruling on a hearsay objection. We determined the trial court's failure to include an application paragraph on the issue of self-defense amounted to constitutional error, even though the court did instruct the jury in the abstract on the law of self-defense. *See Barrera v. State,* 951 S.W.2d 153, 156–58 (Tex.App.—Corpus Christi 1997), *rev'd,* 982 S.W.2d 415, 416 (Tex.Crim.App.1998). We further determined that the appellant's failure to object to the charge, or to request an instruction, did not waive his right to appellate review of the constitutional error. *See id.* at 157–59. Having found constitutional error, we applied the federal harmless error standard. *See id.* at 157–58. We were unable to conclude beyond a reasonable doubt that the erroneous charge did not contribute to appellant's conviction; accordingly, we reversed and remanded for a new trial. *See id.*

The Texas Court of Criminal Appeals granted the State's petition for discretionary review in order to establish the proper standard of review in cases where a defendant fails to object to a jury charge that contains a definition of self-defense but fails to include self-defense in the application paragraph. *See Barrera v. State,* 982 S.W.2d 415, 416 (Tex.Crim.App.1998). The court observed, consistent with its holding in *Posey v. State,* 966 S.W.2d 57, 62 (Tex.Crim.App.1998), that a judge has no duty to *sua sponte* include an unrequested defensive issue raised by the evidence. Nonetheless, because the trial court instructed the jury on the law of self-defense, the court of criminal appeals agreed the trial court erred in not applying the law of self-defense to the facts of the case or instructing the jury to acquit if they had reasonable doubt on self-defense. *See id.* at 417 (citing TEX. PEN.CODE ANN. § 2.03(d) (Vernon 1994)). Stressing the decreased importance of the application paragraph in a jury charge, the court concluded the failure to apply the law of a

case to its facts is not constitutional error, but is a mere technical violation of state law. *See id.* at 417 (citing *Brown v. Collins,* 937 F.2d 175, 182 (5th Cir.)). Thus, the court of criminal appeals reversed and remanded for this Court to determine whether such error constituted egregious harm under *Alamanza.*[1] *See id.* We affirm.

The facts of this case are set forth in our original opinion. Briefly, appellant became involved in an altercation with two individuals at a convenience store. According to the State, appellant struck Oscar Zarate over the head with a pistol. Appellant denied striking Zarate. Zarate and his friend, Rod, then fled to a house. Zarate and Rod did not enter the house. Shortly thereafter, appellant and his friend, Mario, arrived at the house. According to the State, as Zarate was knocking on the front door, appellant fired six rounds at Zarate, hitting him twice. Zarate returned fire. In contrast, appellant produced evidence that Zarate and Rod ambushed him at the house, and that he fired in self-defense. At trial, the judge included a general instruction to the jury on the law of self-defense, but did not apply the law of self-defense to the facts and did not instruct the jury that they must acquit appellant if they had a reasonable doubt on the issue of self-defense. Appellant did not object or request that the judge include an application of the law of self-defense to the facts of the case.

In his first three points of error, appellant complains that the jury charge: (1) failed to apply the law on self-defense to the facts of the case; (2) did not instruct the jury to acquit if they had reasonable doubt on the issue of self-defense; and (3) did not inform the jury under which circumstances they must acquit appellant. As directed by the court of criminal appeals, we must determine whether the trial court's error in failing to include an application paragraph of self-defense amounts to egregious harm in this case.

Because appellant did not object to the omission in the charge, reversal is proper only if error is so egregious that it denies the defendant a fair and impartial trial. *See* Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). An error in the charge is egregious if it "affect[s] 'the very basis of the case,' deprives the defendant of a 'valuable right,' or 'vitally affect[s] a defensive theory.'" *Hutch v. State,* 922 S.W.2d 166, 170 (Tex. Crim.App.1996) (quoting *Almanza,* 686 S.W.2d at 172). Direct evidence is not required to show egregious harm. *See id.* at 171 (citing *Castillo–Fuentes v. State,* 707 S.W.2d 559, 563 n. 2 (Tex.Crim.App. 1986)). When reviewing error in the charge, we consider: (1) the charge; (2) the evidence; (3) the arguments of counsel; and (4) any other relevant information from the record. *See id.* (citing *Bailey v. State,* 867 S.W.2d 42, 43 (Tex.Crim.App. 1993)).

Although the charge in this case did not contain an application paragraph on the law of self-defense, it did instruct the jury about self-defense in the abstract. The charge also contained an instruction on deadly force.

In *Lane v. State,* 957 S.W.2d 584, 587 (Tex.App.—Dallas 1997, pet. ref'd), the court of appeals determined that a charge which omitted a culpable mental state in the application paragraph did not cause egregious harm. Because the charge included an abstract instruction on the required mental state, the court concluded that the charge, "when viewed in its entirety, ... informed the jury of the mental state required for commission of the charged offense." *Id.*

Clearly, appellant relied on self-defense as a defensive theory at trial. Although appellant admitted shooting at Zarate, he presented evidence that it was an act of self-defense. In his closing argument, ap-

1. *Almanza v. State,* 686 S.W.2d 157 *passim* (Tex.Crim.App.1985) (en banc).

pellant urged self-defense and the State did not dispute appellant's application of the law, although the State did contest the validity of appellant's defense. Specifically, appellant stated, "The law is clear and you will have it in your instructions when you go to deliberate, and that is that you have a right to defend yourself." Appellant also argued that based on the facts of the case, he had a right to use deadly force. Appellant concluded his closing argument by stating, "I ask you to come back with a not guilty verdict on both counts because [I am] entitled to protection under the law of self-defense."

There is nothing in the record indicating the jury was misinformed or uninformed on the law of self-defense. Considering the jury was given a general instruction on the law of self-defense and appellant discussed self-defense in his argument before the jury, and in light of the relative decline in importance of the application paragraph, we conclude the trial court's error with relation to the jury charge did not cause egregious harm to appellant. Appellant's first three points of error are overruled.

■ Having overruled appellant's fourth point of error in our original opinion, we proceed to appellant's fifth point of error. *See Williams v. State*, 821 S.W.2d 403, 406 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd); *Allen v. State*, 753 S.W.2d 792, 795 (Tex.App.—Beaumont 1988, no pet.). Appellant, by his fifth point of error, complains the trial court erred in overruling his objection to the introduction of hearsay testimony. Specifically, appellant complains of the prosecutor's questioning of police officer David Garcia, who reviewed and compiled the police reports of the arresting officer, regarding whether certain police reports indicated appellant claimed any type of self-defense at the time of his arrest. Appellant objected to the question on the ground that it called for hearsay, and noted he could not cross-examine the officer who prepared the reports. The judge overruled appellant's ob-

jection and the witness answered the question in the negative.

■ Assuming without deciding that the trial court's ruling was erroneous, we must determine whether it amounts to reversible error. A violation of the rules of evidence that results in the erroneous admission of evidence is non-constitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998). Accordingly, we apply a Rule 44.2(b) harm analysis and disregard the error unless it affected appellant's substantial rights. TEX.R.APP. P. 44.2(b). A substantial right is affected "when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997).

■ It is well-established that the improper admission of evidence is not reversible error if the same facts are proved by additional properly admitted evidence. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex.Crim.App.1986). Thus, if there is additional evidence that appellant did not claim self-defense at the time of his arrest, we must find the error harmless. Appellant provided such evidence in the following cross-examination conducted by the State:

Q. [State] Isn't it also true that when the police stopped you, you got out of the car, you didn't mention anything about what just happened, did you?

A. They didn't ask.

Q. You never told them, "Hey, officers, a guy was just chasing me and was shooting me with a gun?"

A. They told me to keep my mouth shut, that I would have a chance in court.

Q. You never once told them, "This is what happened," did you?

A. Not even when we got to the police station, ma'am, nobody ever even talked to me.

In addition, Victor Cortez, who resided at the house where the victim was shot,

testified that during a conversation between him and appellant, appellant did not ever mention that he acted in self-defense. Finally, Officer Garcia, having given the alleged hearsay testimony, subsequently testified, without objection by appellant, that there was no allegation by appellant that he acted in self-defense in the police report. There is no reversible error shown when alleged hearsay evidence is cumulative of the same evidence adduced. *See Thomas v. State*, 621 S.W.2d 158, 164 (Tex.Crim.App.1980); *Nixon v. State*, 940 S.W.2d 687, 690 (Tex.App.—El Paso 1996, pet. ref'd). Considering all of the evidence, the admission of the officer's testimony did not affect appellant's substantial rights. *See* Tex.R.App. P. 44.2(b). Appellant's fifth point of error is overruled.

■ In his sixth point of error, appellant contends the trial court erred in giving supplemental jury instructions which were inconsistent with the jury charge. During deliberations, the jury submitted the following written question to the judge, "Can we find him guilty of both or just one or the other?" The judge responded in writing, "In answer to your question, the jury may only find him guilty of one offense." Appellant did not raise an objection to this instruction at the trial court.

Appellant complains the judge erred in failing to refer the jury to an instruction within the charge which explained that if the jury had reasonable doubt whether the defendant committed aggravated assault or attempted murder, they should resolve such doubt in the defendant's favor and find him guilty of the lesser offense of aggravated assault only. According to appellant, the jury's question indicated a belief that appellant committed both offenses, and the judge should have referred the jury to the aforementioned instruction rather than informing them that they could find appellant guilty of only one offense. Appellant asserts the trial court's supplemental instruction, coupled with the court's failure to refer the jury to the existing instruction, amounts to reversible error under Rule 81(b)(2) of the Texas Rules of Appellate Procedure.[2]

■ A judge's substantive response to a jury question during deliberations is an additional or supplemental jury instruction. *See Daniell v. State*, 848 S.W.2d 145, 147 (Tex.Crim.App.1993) (citing *Haliburton v. State*, 578 S.W.2d 726, 728 (Tex. Crim.App.1979)). Such an instruction is proper if it "may properly be given in the original charge." *See id.* (quoting *Allaben v. State*, 418 S.W.2d 517, 521 (Tex.Crim. App.1967)).

In this case, the judge's response was substantive. The trial court could have properly included in its original instruction that appellant could only be found guilty of one offense. This is because aggravated assault is a lesser included offense of attempted murder, *see Stine v. State*, 908 S.W.2d 429, 430 (Tex.Crim.App.1995), and a defendant may not be convicted of both a lesser and greater offense. *See Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Cotton v. State*, 836 S.W.2d 757, 758 (Tex.App.—Tyler 1992, no pet.). Although a reference to the existing instruction on how to resolve doubt between the two offenses may have been preferable, the judge had no duty to supplement the original instruction, particularly in light of appellant's failure to object to the judge's response. Moreover, any error is not so egregious as to deny appellant a fair and impartial trial. *See Daniell*, 848 S.W.2d at 148 n. 4 (noting that the issue of harm in a supplemental jury charge is governed by *Almanza* and article 36.19 of the Texas Code of Criminal Procedure); *see also* Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); *Almanza*, 686 S.W.2d at 171. Appellant's sixth point of error is overruled.

The judgment of the trial court is AFFIRMED.

---

2. Rule 81(b)(2) has been recodified at Tex. R.App. P. 44.2.