NO. 07-03-0339-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 4, 2003



______________________________




REGINALD S.Y. LEE, APPELLANT



V.



JUSTIN HERSEY, TRAVIS J. HERSEY AND 


CYNTHIA HERSEY, THE TRUSTEE OF THE


 FRANK J. HERSEY FAMILY TRUST, APPELLEES



_________________________________



FROM THE COUNTY CIVIL COURT AT LAW NO. 1 OF MONTGOMERY COUNTY;



NO. 01-15925-P; HONORABLE DENNIS WATSON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ORDER ON MOTION TO DISMISS


 Pending before the court is a motion to dismiss this appeal, filed by appellees
Cynthia Hersey, Trustee, Justin J. Hersey and Travis Hersey. Appellees' motion suggests
the appeal has become moot. We disagree and will overrule the motion.

 Appellant Reginald S. Y. Lee appeals a Post-Judgment Turnover Order Pertaining
Only to the Judgment Debtor/Defendant, Reginald S. Y. Lee, signed by the trial court on
June 17, 2003. The order recites that it is entered in aid of satisfaction of a Final Judgment
Non Obstante Veredicto entered against appellant, and directs appellant to turn over to the
Montgomery County Sheriff a list of items that includes checks, statements, deposit slips
and all documents pertaining to several bank accounts; documents pertaining to
investments held by appellant and his wife; titles and deeds to real estate; and titles to
automobiles, boats and vehicles. The order further requires appellant to produce an
accounting of his assets, and compels appellant's production of documents pursuant to
post-judgment discovery.

 By their motion to dismiss, appellees advise us that appellant has responded to the
turnover order by producing a large number of documents. They assert that appellant
claims to have turned over all documents responsive to the turnover order. Thus,
appellees suggest, there is nothing left to appeal. Appellant opposes the motion to
dismiss, arguing that appellees have not acknowledged his full compliance with the
turnover order. Appellant has provided us with an uncertified copy of a document filed with
the trial court and signed by appellees' counsel on the same day as the motion to dismiss
the appeal, in which appellees inform the trial court that appellant has not produced all the
documents ordered in the turnover order.

 Appellees cite us to no authority in their motion to dismiss. Rule 42.3 of the Rules
of Appellate Procedure permits us to dismiss a civil appeal "involuntarily," that is, for
reasons other than the appellant's request or the parties' agreement, if jurisdiction is
wanting. Tex.R.App.Proc. 42.3(b). As we construe the motion, appellees are attempting
to apply the rule that when a judgment debtor voluntarily satisfies a judgment rendered
against him, the cause becomes moot and its appeal must be dismissed. See, e.g.,
Highland Church of Christ v. Powell, 640 S.W.2d 235 (Tex. 1982). The rule is held not to
apply when controversies remain. We find that to be the case here. Although appellees
represent that the turnover order required only the production of documents, that limitation
is not apparent from the language of the order. Too, from the statements made in the
motion to dismiss, appellant's response and appellees' reply to the response, it is far from
clear that appellant has voluntarily satisfied even the terms of the order that clearly require
only the production of documents. 

 Mootness deprives a court of subject-matter jurisdiction. See, State Bar of Texas
v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994). Based on the information provided us, we
cannot conclude that appellant's production of documents has rendered the controversy
moot to the degree that we have lost jurisdiction of the appeal. Appellees' motion to
dismiss the appeal is overruled. 


 Per Curiam



171. A review of the record
includes a determination as to whether the jury could have been confused by the jury
instructions. Sanchez v. State, 209 S.W.3d 117, 125 (Tex.Crim.App. 2006).
          In every felony case, the judge shall deliver to the jury a written charge distinctly
setting forth the law applicable to the case. Tex. Code Crim. Proc. art. 36.14 (Vernon
2007). The jury charge must contain an accurate statement of the law and must set out
all the essential elements of the offense. Dinkins v. State, 894 S.W.2d 330, 339
(Tex.Crim.App. 1995). In some cases, the charge itself will demonstrate egregious error. 
Hutch v. State, 922 S.W.2d at 171. The omission of an implied culpable mental state
alone is sufficient to establish egregious harm if it allows the jury to return a verdict of guilty
without finding every element of the offense beyond a reasonable doubt. Sanchez v.
State, 182 S.W.3d 34, 62 (Tex.App.–Dallas 2005), aff’d, 209 S.W.3d 117 (Tex.Crim.App.
2006).
          While there are cases which might appear to hold that the omission of a culpable
mental state can be non-egregious, those cases are distinguishable from this case. In
Lane v. State, 957 S.W.2d 584, 587 (Tex.App.–Dallas 1997, pet. ref’d), the court of
appeals determined that a charge which omitted a culpable mental state in the application
paragraph of the charge did not cause egregious harm where the abstract instructions
portion of the charge did define the requisite mental state. In Barrera v. State, 10 S.W.3d
743, 745-46 (Tex.App.–Corpus Christi 2000, no pet.), the trial court included an abstract
instruction on the law of self-defense, but did not apply the law of self-defense to the facts
and did not instruct the jury that they must acquit appellant if they had a reasonable doubt
on the issue of self-defense. Finding that the jury was not “misinformed or uninformed on
the law of self-defense,” the appellate court concluded that the trial court’s error, in relation
to the charge as a whole, did not cause egregious harm to appellant. Id. at 746. In each
of these cases, the jury was given a correct statement of the applicable law. In the case
at issue, neither the abstract portion nor the application paragraph of the charge informed
the jury as to all of the essential elements of the offense. As stated in Justice Campbell’s
opinion, the mere fact that an analytical construct of the charge of the court “placed before
the jury the requirement that the State prove appellant had an awareness of the ammonia”
is no substitute for a charge distinctly setting forth the law applicable to the case and then
requiring that the State prove every element of the offense beyond a reasonable doubt.
          Furthermore, in considering whether Appellant suffered egregious harm in this case,
the reviewing court must determine whether the jury could have been confused by the
charge. In that analysis, I cannot ignore the significance of the fact that this is a criminal
case involving elemental presumptions. Where, under the auspices and authority of the
court, a jury has been given a “presumption of intent to manufacture a controlled
substance” and a “presumption of anhydrous ammonia,” it does not take a leap of
intellectual honesty to believe that a jury might have considered the gravamen of the
offense to have been the intent to manufacture, which was potentially established by the
presumption itself, as opposed to the act of possession of anhydrous ammonia. This
potential confusion heightens the importance of a correct jury charge. The omission of an
essential element of an offense affects “the very basis of the case” by allowing a defendant
to be convicted on proof of less than all of the elements of the offense. To do so surely
deprives the accused of a fair and impartial trial. Therefore, I conclude that the error was
egregious. Accordingly, I would reverse and remand.


                                                                           Patrick A. Pirtle

                                                                                 Justice





Publish.