11th Court of Appeals
Eastland, Texas
Opinion
 
David Boyd
            Appellant
Vs.                  No. 11-03-00384-CR -- Appeal from Taylor County
State of Texas
            Appellee
 
            The jury convicted David Boyd of possession of child pornography and assessed his
punishment at three years confinement. We affirm.
            Raymond Price testified that on April 25, 2002, appellant borrowed $150 from him. As
collateral, appellant gave Price his computer. Price intended to take the computer home for his
grandchildren to use and asked Kevin Thomason to check the computer for inappropriate material. 
Although Thomason had no formal computer training, he took care of the computers at their
workplace. Thomason testified that, when he scanned the computer, he found a number of “dirty
pictures” of children in the temporary Internet files. At Price’s request, Thomason tried to delete the
images with special software. After further discussion, Price contacted Donnie Pratt, an officer with
the Taylor County District Attorney’s office, and informed him that he had bought a computer with
possible child pornography on it. On May 7, 2002, Price voluntarily gave Officer Pratt the tower
portion of the computer. Officer Pratt testified that he took the computer to Detective Craig Griffis,
a forensic expert with the Taylor County Sheriff’s Department. Detective Griffis testified that he
recovered images of child pornography on the computer’s hard drive. Sometime after May 8, 2002,
Officer Pratt initiated the paperwork for an arrest warrant for appellant. 
            On June 18, 2002, knowing that an arrest warrant had not yet been issued, Officer Pratt
visited appellant at his place of work. Appellant agreed to an interview and accompanied Officer
Pratt to the district attorney’s office. Because appellant did not want the officers to write his
statement down, Officer Pratt took notes during the interview and then wrote up a report. Officer
Pratt testified that, during the interview, appellant originally admitted to ownership of the computer
and the images of child pornography but that, later in the interview, he said that he did not know how
the images got on the computer. Approximately 15 to 20 minutes after the interview, Officer Pratt
learned that there was a warrant for appellant’s arrest and arrested appellant.
            Appellant presents seven points of error. In his first point of error, appellant contends that
the evidence is factually insufficient to support his conviction. In order to determine if the evidence
is factually sufficient, we must review all of the evidence in a neutral light and determine whether
the evidence supporting guilt is so weak that the verdict is clearly wrong and manifestly unjust or
whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met. Zuniga v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross v.
State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d
126 (Tex.Cr.App.1996). We review the fact-finder’s weighing of the evidence and cannot substitute
our judgment for that of the fact-finder. Cain v. State, supra; Clewis v. State, supra. Due deference
must be given to the jury’s determination, particularly concerning the weight and credibility of the
evidence. Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den’d, 522 U.S. 832 (1997). This court has the authority to disagree with
the fact-finder’s determination “only when the record clearly indicates such a step is necessary to
arrest the occurrence of a manifest injustice.” Johnson v. State, supra at 9. 
            Specifically, appellant argues that the indictment is incorrectly worded. The indictment
charged appellant with the intentional and knowing possession of “a computer image of a child
lewdly displaying the genitals of the child.” Appellant claims that the image referred to in the
indictment portrays “deviate sexual intercourse,” not a lewd display of a child’s genitals.
            A person commits the offense of possession of child pornography if the person knowingly
or intentionally possesses visual material that visually depicts a child younger than 18 at the time of
the image who is engaging in sexual conduct and the person knows that the material depicts a child. 
TEX. PEN. CODE ANN. § 43.26(a)(1) (Vernon 2003). “Sexual conduct” encompasses several types
of conduct, including “deviant sexual intercourse” and “lewd exhibition of the genitals.” TEX. PEN.
CODE ANN. § 43.25(a)(2) (Vernon 2003). Appellant argues that the terms are mutually exclusive
and that the image cannot depict both types of sexual conduct. We disagree. 
            Deviant sexual intercourse includes contact between the genitals of one person and the mouth
of another. TEX. PEN. CODE ANN. § 43.01(1) (Vernon 2003). The image in dispute depicts what
appears to be a young boy’s penis in the mouth of another young boy or girl. The boy’s scrotum and
part of his penis are visible. Clearly, the image falls within the definition of both deviant sexual
intercourse and lewd exhibition of the genitals. 
            However, appellant claims that the language in the indictment constitutes a fatal variance. 
A variance occurs when there is a discrepancy between the allegations in the charging instrument
and the proof at trial -- when the State has proven the defendant guilty of a crime but has proven the
crime’s commission in a manner that varies from the allegations in the charging instrument. 
Gollihar v. State, 46 S.W.3d 243 (Tex.Cr.App.2001). We hold that there was no variance. After
reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of
fact could have found that the image depicted “a child lewdly displaying the genitals of the child”
as stated in the indictment. We overrule appellant’s first point of error.
            Next, we address the trial court’s admission of appellant’s oral statement. Officer Pratt
testified that, during the interview at the district attorney’s office, appellant “admitted that the
computer was his, the images on it were his”; that he admitted that the images were child
pornography; and that he later claimed that “it must have been a mistake and he didn’t know how
they got in there.” Appellant claims that the trial court erred in admitting his oral statements because
they were the result of a custodial interrogation that was procedurally improper. 
            An oral statement made during a custodial interrogation is not admissible unless it is
electronically recorded. TEX. CODE CRIM. PRO. ANN. art. 38.22, § 3(a)(1) (Vernon 2005). An
oral statement made during a non-custodial interrogation does not have the same restriction. TEX.
CODE CRIM. PRO. ANN. art. 38.22, § 5 (Vernon 2005). 
            To apply the rule, we must first determine whether appellant was in custody when he made
the oral statement. “A person is in ‘custody’ only if, under the circumstances, a reasonable person
would believe that his freedom of movement was restrained to the degree associated with a formal
arrest.” Dowthitt v. State, 931 S.W.2d 244, 254 (Tex.Cr.App.1996)(citing Stansbury v. California,
511 U.S. 318 (1994)). “The determination of custody must be made on an ad hoc basis, after
considering all of the (objective) circumstances.” Dowthitt v. State, supra (citing Shiflet v. State, 732
S.W.2d 622, 629 (Tex.Cr.App.1985). In Dowthitt, the court outlined four general situations that
constitute custody: (1) when a suspect is physically deprived of his freedom; (2) when an officer tells
the suspect that he cannot leave; (3) when a reasonable person would believe that his freedom of
movement is restricted; and (4) when there is probable cause to arrest and officers do not tell the
suspect he is free to go. Dowthitt v. State, supra at 255. 
            The evidence before the trial court shows that appellant was not in custody at the time of his
interview. Appellant went to the police station voluntarily. Officer Pratt told appellant that he was
not under arrest and that he was free to leave at any time. On appeal, appellant relies on the fact that
Officer Pratt had initiated the process for an arrest warrant prior to the interview, claiming this
indicates the officer had probable cause to arrest. However, just because an officer applies for an
arrest warrant does not mean that a warrant will be forthcoming. And, although there may have been
probable cause to arrest, the officers never indicated that appellant was not free to leave. Scott v.
State, 165 S.W.3d 27, 42 (Tex.App. - Austin 2005, no pet’n h.). Moreover, an arrest warrant was
not in effect when Officer Pratt began the interview, nor was an arrest warrant in effect when the
interview ended. In fact, at the conclusion of the interview, appellant voluntarily signed a consent
for a search of his home and willingly accompanied the officers to his house. It was at that time that
Officer Pratt learned that a warrant for appellant’s arrest had been issued.
            Appellant also argues that, when appellant admitted ownership of the computer and images,
the interview became custodial because he had incriminated himself. Again, we consider whether
a reasonable person would have believed he was under arrest. Dowthitt v. State, supra; Scott v.
State, supra. Officer Pratt told appellant he was not under arrest and was free to leave. The officers
did not arrest appellant even immediately after the interview but approximately 15 to 20 minutes
later when Officer Pratt learned the warrant was issued. Appellant’s interview began at 8:15 a.m.
when Officer Pratt first made contact with appellant, and the arrest was made at approximately 11:00
a.m. after the interview had concluded. The interview was not lengthy. Appellant was never
handcuffed prior to his arrest.
            The trial court’s findings of fact are supported by the record. A reasonable person in
appellant’s position would not believe that he was under arrest during the interview. Because
appellant was not in custody during the interview, the failure to record his statements did not render
his statements inadmissible. Scott v. State, supra. The trial court properly admitted appellant’s oral
statement. We overrule the second point of error.
            Appellant’s next three points of error concern the trial court’s admission of Exhibit Nos. 3
through 11. In addition to the image named in the indictment, the trial court admitted into evidence
nine other images from appellant’s computer. All the images showed children engaged in types of
sexual conduct. When the State moved to enter Exhibit Nos. 3 through 11, appellant objected,
claiming that the trial court did not determine beyond a reasonable doubt that he had committed the
extraneous offenses and that the images were inadmissible to prove intent or absence of mistake. 
After a lengthy hearing outside the jury’s presence, the trial court admitted the evidence to show
intent and absence of mistake. The trial court told the jury they should consider Exhibit Nos. 3
through 11 only as they might pertain to intent and absence of mistake and for no other purpose. The
court’s jury charge included the same instructions.
            We review a trial court’s ruling on the admissibility of evidence under an abuse-of-discretion
standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App.2000)(citing Prystash v. State, 3
S.W.3d 522, 527 (Tex.Cr.App.1999)). We must uphold the trial court’s ruling if it was within the
zone of reasonable disagreement. Weatherred v. State, supra (citing Montgomery v. State, 810
S.W.2d 372, 391 (Tex.Cr.App.1991)). We review the trial court’s ruling in light of what was before
the trial court at the time the trial court ruled. Weatherred v. State, supra (citing Hoyos v. State, 982
S.W.2d 419, 422 (Tex.Cr.App.1998); Hardesty v. State, 667 S.W.2d 130, 133 n.6 (Tex.Cr.App.
1984)). 
            Appellant first urges that the trial court erred in admitting the extraneous offenses because
the trial court did not specifically determine that a jury could find beyond a reasonable doubt that
appellant committed the offenses. Harrell v. State, 884 S.W.2d 154, 158 (Tex.Cr.App.1994). In
Harrell, the Court of Criminal Appeals held that, in deciding whether to admit extraneous offense
evidence, the trial court must make an initial determination that a jury could find beyond a
reasonable doubt that appellant committed the extraneous offense. Harrell v. State, supra at 161. 
In making that determination, the trial court may consider the strength of the evidence establishing
the similar act. Harrell v. State, supra. 
            The trial court held a hearing on the admissibility of the evidence. During the hearing,
Detective Griffis testified that he discovered Exhibit Nos. 3 through 11 on appellant’s computer. 
Officer Pratt had already testified that, during the interview, appellant admitted ownership of the
computer and the child pornography. A trial court’s ruling will be upheld if it is within the zone of
reasonable disagreement. Weatherred v. State, supra. Based on the evidence before the trial court,
a jury could find beyond a reasonable doubt that appellant knowingly and intentionally possessed
the additional nine images of child pornography.
            Appellant also argues that Exhibit Nos. 3 through 11 were inadmissible to prove intent and
absence of mistake. To admit an extraneous offense, the trial court must put the evidence through
a two-part test. Montgomery v. State, supra. First, the evidence must be relevant to a material issue;
and secondly, the probative value of the evidence must outweigh its potential for unfair prejudice. 
Montgomery v. State, supra at 387-88. We review the admission of extraneous offenses under an
abuse of discretion standard. Powell v. State, 63 S.W.3d 435, 438 (Tex.Cr.App.2001). As long as
the trial court’s ruling was within the zone of reasonable disagreement, we will not intercede. 
Montgomery v. State, supra at 391. 
            We first address the relevance of the images to prove intent. Although extraneous offenses
are inadmissible to prove criminal propensity, they are admissible when relevant for other purposes. 
Powell v. State, supra at 438. Evidence is relevant when it has “any tendency to make the existence
of any fact that is of consequence to the determination of the action more probable or less probable
than it would be without the evidence.” TEX.R.EVID. 401. To prove its case against appellant, the
State had to prove that he “intentionally and knowingly” possessed child pornography as stated in
the indictment. Intent was an element of the offense. The trial court reasonably decided that the
presence of nine other images on appellant’s computer showing naked children, children fondling
each other, children engaged in oral sex, and children exposing their genitals made it more probable
that appellant intentionally possessed the one image for which he was indicted. The trial court could
also determine that the probative value of the evidence outweighed the possibility of unfair prejudice
based on the lack of other evidence available to establish intent. Montgomery v. State, supra at 390.
            In addition, appellant contends that the other images of child pornography were inadmissible
to show absence of mistake. As noted above, extraneous offense evidence is admissible if it has
relevance apart from character conformity and if its probative value outweighs its prejudicial effect. 
Powell v. State, supra at 438. Evidence is relevant if it rebuts a defensive theory by showing absence
of mistake or accident. Montgomery v. State, supra at 387-88. Appellant argues that the extraneous
offenses were inadmissible because the State introduced them in its case-in-chief, before appellant
had raised mistake as a defense. However, in Powell, the Court of Criminal Appeals relied on a
defensive theory presented in opening statements when it held the defendant opened the door to the
admission of extraneous offenses. See Powell v. State, supra at 439. Appellant’s opening statement
establishes the defensive theory that appellant mistakenly retrieved child pornography on the internet
and mistakenly saved the images to his hard drive. Appellant also addressed the issue of mistake
during jury voir dire and cross-examination of Officer Pratt. The trial court reasonably decided that
the images were relevant to rebut the defensive theory of mistake raised during appellant’s opening
statement and during appellant’s cross-examination of Officer Pratt. See Powell v. State, supra at
438-39. It was also within the trial court’s discretion to determine that the probative value of the
evidence outweighed the possibility of unfair prejudice based on the lack of other evidence available
to establish absence of mistake. Montgomery v. State, supra at 390. 
            We hold that the trial court did not abuse its discretion in admitting the nine other images of
child pornography to show intent and absence of mistake. Appellant’s third, fourth, and fifth points
of error are overruled.
            In his sixth point of error, appellant asserts that the trial court erred in admitting Exhibit Nos.
2 through 11 in enlarged form. At trial, there was some dispute over the size of the images when
appellant viewed them. In a hearing outside the jury’s presence, the State moved to submit enlarged
copies of the images, both on paper and projected on to a screen. Appellant objected to both types
of enlargement but agreed that the images had not been materially altered. Detective Griffis testified
in voir dire that he was unable to determine at what size appellant viewed the images.
            In general, a photo is admissible if a verbal description of the image is admissible. Losada
v. State, 721 S.W.2d 305, 311 (Tex.Cr.App.1986). In Losada, the Court of Criminal Appeals stated,
“The mere fact that the photograph was enlarged does not render the photograph inadmissible unless
the sole purpose in the enlargement was to inflame the minds of the jurors.” Losada v. State, supra
(citing Banks v. State, 643 S.W.2d 129 (Tex.Cr.App.1982)). Exhibit No. 2 was admissible as the
indicted offense. Exhibit Nos. 3 through 11 were admissible as extraneous offenses. The record
does not support the conclusion that the images were offered solely to inflame the minds of the
jurors. See Losada v. State, supra. The State claimed it was submitting the enlargements to assist
the jury. The trial judge has broad discretion in admitting images and his decision will not be
disturbed absent an abuse of discretion. Ramirez v. State, 815 S.W.2d 636, 647 (Tex.Cr.App. 1991). 
 An abuse of discretion arises only when the potential for unfair prejudice outweighs the probative
value of the images. Ramirez v. State, supra. As we discussed above, it was within the trial court’s
discretion to determine that the images were more probative than unfairly prejudicial. We overrule
appellant’s sixth point of error.
            In appellant’s final point of error, he argues that the trial court erred in failing to grant
appellant’s requested application paragraph as to mistake. Appellant raises this argument for the first
time on appeal. At trial, appellant objected to the mistake-of-fact definition in the jury charge,
quoting the language to which he objected. On appeal, appellant’s objection is to the lack of
application of law to the facts in the application paragraph. If no proper objection to the jury charge
was made at trial, the error is reversible only if the error constitutes egregious harm. Almanza v.
State, 686 S.W.2d 157, 171 (Tex.Cr.App.1985).  
            The Court of Criminal Appeals established the proper standard of review when a defendant
fails to object to a jury charge that includes a definition of self-defense but fails to include self-defense in the application paragraph. Barrera v. State, 982 S.W.2d 415 (Tex.Cr.App.1998). The
court concluded that the correct standard of review was egregious harm under Almanza and
remanded the case to the appellate court to determine whether the error constituted egregious harm. 
Barrera v. State, supra. On remand, the appellate court considered the charge, the evidence, the
arguments of counsel, and other relevant information from the record. Barrera v. State, 10 S.W.3d
743, 745 (Tex.App. - Corpus Christi 2000, no pet’n)(citing Hutch v. State, 922 S.W.2d 166, 170
(Tex.Cr.App.1996)). The court determined that, in light of the record and the definition of self-defense in the charge, the trial court’s error did not cause egregious harm to the defendant. Barrera
v. State, supra at 746. 
            The case before us is very similar. Here, although the trial court included a definition of
mistake of fact in the jury charge, the trial court failed to apply the law of mistake of fact to the facts
of the case in the application paragraph and failed to instruct the jury to acquit if they found
reasonable doubt based on mistake in the application paragraph. Mistake of fact, like self-defense
in Barrera, is a defensive theory. Appellant objected to the definition of mistake of fact, not to the
absence of mistake of fact in the application paragraph. Because mistake of fact was defined in the
jury charge, we hold that the trial court’s error did not constitute egregious harm. See Barrera v.
State, 10 S.W.3d at 745. We overrule appellant’s seventh point of error. 
            The judgment of the trial court is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
August 25, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Wright, J., and McCall, J.