NO. 07-06-0163-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 15, 2007

_____

GEORGE W. SCOTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407,601; HONORABLE JIM BOB DARNELL, JUDGE PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**DISSENTING OPINION**

As a corollary to the oft-quoted axiom that bad facts make bad law, confusing statutes tend to produce complicated opinions. In this case, we have two justices that agree on the result, but not the statutory analysis; while we have two justices that agree on the statutory analysis, but not the result. I agree with my learned colleague, Justice Campbell, in finding that the trial court erred by failing to charge the jury on possession of

anhydrous ammonia with the culpable mental states alleged by the indictment; *viz.,* intentionally and knowingly; however, I respectfully dissent because, unlike Justice Campbell, I find the error to be egregious.

There is much in Justice Campbell's opinion with which I agree. I do not disagree with his analysis of issues one and two pertaining to lack of an effective amendment of the indictment. Nor do I disagree with his conclusion that the trial court committed error in its charge to the jury. Finally, notwithstanding the fact that I would reverse Appellant's conviction, I even agree with his analysis of the sufficiency of the evidence under a hypothetically correct jury charge. Where I differ with Justice Campbell's opinion involves the conclusion that the failure of the trial court to charge the jury with an essential element of the offense is not egregious.

In this case, the *Court's Charge* was in error in four respects: (1) the abstract definition of the offense contained in paragraph 1 of the charge failed to include an essential element of the offense, to-wit: a culpable mental state as to the element of possession; (2) the abstract portion of the charge failed to define the culpable mental state of knowingly; (3) the application paragraph of the charge failed to track the indictment; and (4) the application paragraph of the charge failed to apply the abstract law to the facts of the case. Because Appellant failed to timely object to these errors in the charge, reversal is proper only if the error is so egregious that it denied Appellant a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g).

2

An error in the charge is egregious if it "affect[s] 'the very basis of the case,' or deprives the appellant of a 'valuable right.'" *Hutch v. State,* 922 S.W.2d 166, 170 (Tex.Crim.App. 1996) (quoting *Almanza*, 686 S.W.2d at 172). In determining whether charge error causes egregious harm, the appellate court must consider: (1) the charge, (2) the state of the evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the record as a whole. *Hutch*, 922 S.W.2d at 171. A review of the record includes a determination as to whether the jury could have been confused by the jury instructions. *Sanchez v. State,* 209 S.W.3d 117, 125 (Tex.Crim.App. 2006).

In every felony case, the judge shall deliver to the jury a written charge distinctly setting forth the law applicable to the case. Tex. Code Crim. Proc. art. 36.14 (Vernon 2007). The jury charge must contain an accurate statement of the law and must set out <u>all</u> the essential elements of the offense. *Dinkins v. State,* 894 S.W.2d 330, 339 (Tex.Crim.App. 1995). In some cases, the charge itself will demonstrate egregious error. *Hutch v. State,* 922 S.W.2d at 171. The omission of an implied culpable mental state alone is sufficient to establish egregious harm if it allows the jury to return a verdict of guilty without finding every element of the offense beyond a reasonable doubt. *Sanchez v. State,* 182 S.W.3d 34, 62 (Tex.App.–Dallas 2005), *aff'd,* 209 S.W.3d 117 (Tex.Crim.App. 2006).

While there are cases which might appear to hold that the omission of a culpable mental state can be non-egregious, those cases are distinguishable from this case. In

3

*Lane v. State*, 957 S.W.2d 584, 587 (Tex.App.–Dallas 1997, pet. ref'd), the court of appeals determined that a charge which omitted a culpable mental state in the application paragraph of the charge did not cause egregious harm where the abstract instructions portion of the charge did define the requisite mental state. In *Barrera v. State,* 10 S.W.3d 743, 745-46 (Tex.App.–Corpus Christi 2000, no pet.), the trial court included an abstract instruction on the law of self-defense, but did not apply the law of self-defense to the facts and did not instruct the jury that they must acquit appellant if they had a reasonable doubt on the issue of self-defense. Finding that the jury was not "misinformed or uninformed on the law of self-defense," the appellate court concluded that the trial court's error, in relation to the charge as a whole, did not cause egregious harm to appellant. *Id*. at 746. In each of these cases, the jury was given a correct statement of the applicable law. In the case at issue, neither the abstract portion nor the application paragraph of the charge informed the jury as to all of the essential elements of the offense. As stated in Justice Campbell's opinion, the mere fact that an analytical construct of the charge of the court "placed before the jury the requirement that the State prove appellant had an awareness of the ammonia" is no substitute for a charge distinctly setting forth the law applicable to the case and then requiring that the State prove every element of the offense beyond a reasonable doubt.

Furthermore, in considering whether Appellant suffered egregious harm in this case, the reviewing court must determine whether the jury could have been confused by the charge. In that analysis, I cannot ignore the significance of the fact that this is a criminal case involving elemental presumptions. Where, under the auspices and authority of the

4

court, a jury has been given a "presumption of intent to manufacture a controlled substance" and a "presumption of anhydrous ammonia," it does not take a leap of intellectual honesty to believe that a jury might have considered the gravamen of the offense to have been the intent to manufacture, which was potentially established by the presumption itself, as opposed to the act of possession of anhydrous ammonia. This potential confusion heightens the importance of a correct jury charge. The omission of an essential element of an offense affects "the very basis of the case" by allowing a defendant to be convicted on proof of less than all of the elements of the offense. To do so surely deprives the accused of a fair and impartial trial. Therefore, I conclude that the error was egregious. Accordingly, I would reverse and remand.


Patrick A. Pirtle
Justice


Publish.