Opinion filed July 12,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00209-CR

                                                    __________

 

                        MATTHEW
ROBERT STOVALL, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the County Court at Law

 

                                                           Brown
County, Texas

 

                                                    Trial
Court Cause No. 0800797

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Appellant of driving while intoxicated.  The trial court
assessed punishment at 180 days in the Brown County Jail, probated for one year,
and a $1,000 fine.  He appeals his conviction in four issues.  We affirm.

            Trooper
David Stewart of the Texas Department of Public Safety was patrolling on
Highway 2126 in Brownwood when he noticed a motorcycle that was traveling ninety
miles per hour in a sixty-five mile-per-hour zone.  Trooper Stewart stopped the
motorcycle; Appellant was operating it.  When Trooper Stewart approached
Appellant, he noticed the smell of alcohol on Appellant’s breath and also
noticed that Appellant’s eyes were bloodshot.  Appellant was also speaking very
loudly and was using profanity.  In response to Trooper Stewart’s question of
whether he had been drinking, Appellant stated that he had had two beers. 
Later, Appellant changed his answer, and he told Trooper Stewart that he had had
only one beer and had “started another beer about ten minutes ago.”  Appellant
told Trooper Stewart that he had been at a bar and a restaurant; those
establishments served alcoholic beverages.

            Trooper
Stewart then performed standardized field sobriety tests on Appellant, and
those results led him to perform a preliminary breath test on Appellant. After
that test, Trooper Stewart arrested Appellant for DWI.

            In
his first issue, Appellant complains about a supplemental instruction the trial
court gave the jury.  During deliberations, the jury sent out a note in which
it asked about the definition of intoxication:  

In paragraph two, the definition of the term intoxicated,
does the final word “or” mean that either not having the normal use of one’s
faculties, or having an alcohol concentration of .08 or more is sufficient to
find that a person is intoxicated?  In other words, if we are agreed about one
condition, but are not agreed about the other, are we required to convict?

 

The trial
court’s response, in relevant part, restated the definition of intoxication: 

The term “Intoxicated” means:

 A.    not having the normal use of mental or physical
faculties by reason of the introduction of alcohol, a controlled substance, a
drug, a dangerous drug, a combination of two or more of those substances, or
any other substance into the body; or

 

B.    having
an alcohol concentration of 0.08 or more.

 

The trial
court also gave the jury the definition of “public place,” which the trial
court had omitted from the original charge.

            A
trial court’s substantive response to a jury’s question during deliberations is
an additional or supplemental jury instruction.  Barrera v. State, 10
S.W.3d 743, 747 (Tex. App.—Corpus Christi 2000, no pet.); see Tex. Code Crim. Proc. Ann. art. 36.16
(West 2006).  A supplemental instruction may be given if it may be properly
given in the original charge.  Barrera, 10 S.W.3d at 747. 
The trial court is required to define any legal phrase that a jury must use in
properly resolving an issue and to provide the statutory definition if
available.  Nejnaoui v. State, 44 S.W.3d 111, 119 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d).

The trial court’s supplemental charge on the definition of
intoxication did not differ substantively from the definition of intoxication
in the original charge.  The trial court put the definition in the more
“statutory” format in the supplemental charge, and as such, it was merely a
reiteration of what was in the original charge.  We see no error when a trial
court gives a proper instruction to a jury in a slightly different format. 
Because the trial court could have properly given the additional charge in the
original charge, there is no error.  Appellant’s first issue is overruled.

            In
his second and third issues, Appellant complains of the trial court’s admission
of the testimony of Trooper Stewart on the accuracy of the field sobriety
tests.  During the direct examination of Trooper Stewart, the following dialogue
occurred:

Q.  Now, in the DWI arrests that you have made -- you said
that you have done over 500.  In your experience working with intoxicated
people, has -- the horizontal gaze nystagmus test, has that been something that
you have used frequently in those types of investigations?

 

A.  Yes, ma’am.

 

Q.  In your experience, has that been a fairly accurate
measure of whether or not someone is intoxicated?

 

[DEFENSE COUNSEL]  Objection, Your Honor.  This is a
scientific matter that NHTSA has determined.  His personal observation, unless
he can give us the statistics that he is basing his opinion on, would not be a
valid opinion.  There is no proper foundation for that opinion, and we would
ask that the only evidence of the validity of the test has been what has been
scientifically proven and accepted by the agencies that governs those tests.

 

After
the objection was overruled, Trooper Stewart answered in the affirmative. 
Later, the prosecutor asked a more general question about the field sobriety
tests:

Q.   . . .  But, based on your experience working with so
many DWIs, have these field sobriety tests been an accurate standard for you to
use in determining whether someone is intoxicated?

 

[DEFENSE COUNSEL]:  Your Honor, again, I have to object.  He
has talked about this organization that has determined the protocol, the
standards for this test, and the reliability and accuracy.  He now is wanting
to apply his own standards, different from what has been accepted throughout
the country as the standard, and we object to him giving his personal opinion,
if he is going to give an opinion about this test.

 

He has got to follow the book.  He can’t come up with his own
numbers and his own experience and his own testing.  There is no proof that he
has engaged in any scientific testing.  With all of the 500 individuals who he
claims he has arrested, there is no underlying data, there is no support for
his opinion here.  We object that it is improper expert opinion.

 

Appellant’s
objection was overruled, and Trooper Stewart answered in the affirmative.  Appellant
argues that it was improper for the trial court to admit the testimony of Trooper
Stewart’s “personal studies” and that his “scientific theory” was not shown to
be reliable under Kelly v. State, 824 S.W.2d 568, 573 (Tex. Crim. App.
1992).

            “If
scientific, technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a witness
qualified as an expert by knowledge, skill, experience, training, or education
may testify thereto in the form of an opinion or otherwise.”  Tex. R. Evid. 702.  The trial court’s
decision to admit evidence under Rule 702 is reviewed under an abuse of
discretion standard.  Gallo v. State, 239 S.W.3d 757, 765 (Tex. Crim.
App. 2007); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137,
152–53 (1999) (applying Fed. R. Evid.
702).

            The
admissibility of expert witness testimony is subject to a three-part test: (1) the
expert must be qualified by knowledge, skill, expertise, training, or
education; (2) the subject matter of the testimony must be appropriate for
expert testimony; and (3) the expert’s testimony must assist the jury to
understand the evidence or decide a fact.  Bui v. State, 964 S.W.2d 335,
344 (Tex. App.—Texarkana 1998, pet. ref’d).  The expert’s knowledge or
expertise on a relevant issue need only exceed that of an average juror.  Id. 
There is no rigid formula for determining whether a particular witness is
qualified as an expert.  Id.

            Trooper
Stewart had a total of eleven years experience as a patrol officer for the
Texas Department of Public Safety.  As a Texas State Trooper, his primary emphasis
was on transportation and traffic laws.  Trooper Stewart was a certified
standardized field sobriety instructor and taught other officers how to conduct
the standardized field sobriety tests.  He was also certified to operate the
intoxylizer instrument.  In his time as a state trooper, Trooper Stewart had
made over 500 DWI arrests.

            Appellant
cites only one case in support of his argument on Issues Two and Three, Kelly v.
State, cited above.  His reliance on that case is misplaced.  Kelly
put forth three criteria that must be satisfied before novel scientific
evidence can be considered reliable.  Kelly, 824 S.W.2d at 573; Combs
v. State, 6 S.W.3d 319, 321 (Tex. App.—Houston [14th Dist.] 1999, no pet.);
see Daubert v. Merrill Dow Pharms., Inc., 509 U.S. 579, 592 (1993) (Supreme
Court gives very similar test for expert testimony under Federal Rule 702). 
Trooper Stewart’s testimony is not novel scientific evidence; it is instead the
testimony of an expert who gained his expertise through practical experience
and training.  The Kelly criteria are inapplicable to this situation.  See
Freeman v. Case Corp., 118 F.3d 1011, 1016 n.6 (4th Cir. 1997) (Daubert
analysis is unwarranted where expert relies on experience and training to reach
his conclusions).

            In
this case, Trooper Stewart’s testimony met all the criteria discussed above for
nonscientific expert witness testimony.  Trooper Stewart had ample experience
and training.  The accuracy of the field sobriety tests was certainly an
appropriate area of testimony for a police officer who gained his expertise in
large part by observing intoxicated and sober persons and by actually administering
the tests to them.  Additionally, his testimony regarding the accuracy of the
field sobriety tests in determining intoxication was important for a jury in
deciding the issue of intoxication in a DWI case.  Because Trooper Stewart’s
testimony met the three criteria for proper expert testimony, the trial court
did not abuse its discretion in admitting it.  Appellant’s second and third
issues are overruled.

            In
his fourth issue, Appellant complains of the admission of a DWI interview form that
reflects that he refused to answer certain questions on the form.  A party
complaining about the admission of evidence must have made a timely and
specific objection to its admission. Tex.
R. App. P. 33.1(a)(1); Tex. R.
Evid. 103(a)(1).  A timely objection is one that is made, if possible,
before the evidence was actually admitted.  Ethington v. State, 819
S.W.2d 854, 858 (Tex. Crim. App. 1991); Polk v. State, 729 S.W.2d 749,
753 (Tex. Crim. App. 1987).  An objection made after the evidence has already
been admitted before the jury is not timely and does not preserve error.  Mulder
v. State, 707 S.W.2d 908, 913 (Tex. Crim. App. 1986).  In
this case, Appellant did not object to Trooper Stewart’s testimony regarding
Appellant’s failure to answer questions on the DWI interview form.  This
testimony was a verbal description of everything that was on the form.  Thus,
Appellant failed to preserve error on his objection to the admission of the
form.  His fourth issue is overruled.

            The
judgment of the trial court is affirmed.

 

 

ERIC KALENAK

JUSTICE

 

July 12, 2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.